Law Offices of Charles F. Bourdon
Attorneys at Law
By: CHARLES F. BOURDON, SBN 84782
179 – 11th Street, 2nd Floor
San Francisco, CA 94103
Telephone: (415) 864-5100
Fax: (415) 865-0376
Email: bourdon@msn.com

Attorney for Plaintiff:
BRENT BECKWAY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| Brent Beckway,<br><br>　　　Plaintiff,<br><br>vs.<br><br>Deputy Paul DeShong, Does 1 through 10, inclusive, Sheriff Rodney K. Mitchell, County of Lake Sheriff's Department and County of Lake,<br><br>　　　Defendants. | COMPLAINT AND DEMAND FOR TRIAL BY JURY |

Plaintiff complains of defendants and alleges, as follows:

JURISDICTION

1.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is based upon 28 U.S.C §§ 1331 and 1343, and on pendent jurisdiction of this Court to entertain claims arising under State law.

2.  Plaintiff Brent Beckway was at all material times a resident of the County of Lake, California, and competent.

Complaint                                                                                                                                          1

3. Upon information and belief, plaintiff alleges that Defendants Deputy Paul DeShong and Does 1 through 10, inclusive, were at all times relevant to this complaint duly appointed and acting deputies of the Sheriff's Department of the County of Lake. Upon information and belief, plaintiff further allege that at all times mentioned herein, Deputy Paul DeShong and Does 1 through 10, inclusive, acted within the course and scope of their employment, and acted towards plaintiff under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of California and/or of the Sheriff's Department of County of Lake.

4. Defendant County of Lake, California, is a municipality duly incorporated under the laws of the State of California. Defendant County of Lake Sheriff's Department is a department or agency of County of Lake. At all times mentioned herein, defendants County of Lake and the County of Lake Sheriff's Department acted in concert toward plaintiff under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of California and/or of the Sheriff's Department of County of Lake.

5. Defendants Doe 1 through Doe 10, inclusive, are sued herein under fictitious names because their true names and capacities, whether individual, associate, corporate or governmental, are not known to plaintiff. Plaintiff is informed and believes, and upon such information and belief, allege that each of said defendants is responsible in some manner for the events and happenings alleged herein, and each defendants' actions or failures to act proximately caused the injuries and damages alleged herein and that plaintiff is uncertain as to the manner or function of such defendants, and request leave to amend this Complaint to insert the true names, capacities, functions, and occupations of said defendants when the same are ascertained. At all times mentioned herein, these Doe defendants, and each of them, acted toward plaintiff under

Complaint    2

color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of the County of Lake Sheriff's Department, Lake County and the State of California.

6. Plaintiff timely filed a government claims under California law. This claim was denied by the County of Lake and this Complaint is timely filed within six months of denial of the claim.

7. During all times set forth in the Complaint, Defendants acted in concert.

8. At all times mentioned herein, Defendants, and each of them, acted toward plaintiff under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of the County of Lake Sheriff's Department, Lake County and the State of California.

## GENERAL ALLEGATIONS

9. On or about the morning of October 27, 2006, plaintiff's neighbor, Mr. Alan Keats and another man, went to plaintiff's home demanding payment from plaintiff for a cord of wood.

10. Approximately five hours later on the same day, Mr. Keats returned to plaintiff's home with a group of four to five people, again demanding payment from plaintiff for a cord of wood. Plaintiff attempted to call the police and the group dispersed.

11. Approximately an hour and a half later, plaintiff went to the Loch Lomond Store, where he encountered Mr. Alan Keats again.

12. Approximately thirty minutes thereafter, Deputy DeShong and Doe 1 of the Lake County Sheriff's Department knocked on Mr. Beckway's front door at his residence. The deputies demanded plaintiff step outside so they could get "his side of the story".

13. Plaintiff, in a calm and relaxed manner, possessing no weapons, walked onto his porch and recounted the events surrounding the cord of wood dispute.

Complaint                                                                                                   3

14. As plaintiff was narrating the events, both deputies, forcefully and without justification, threw plaintiff face down on the deck outside his home.

15. While plaintiff's face and abdomen were on the ground, one deputy held plaintiff's hands behind his back, while the other spread his legs and stomped on plaintiff's legs at the back of his knees.

16. Plaintiff questioned the deputies regarding their conduct. One deputy responded that plaintiff had been resisting arrest.

17. At no time did plaintiff resist arrest or fail to cooperate.

18. At no time was plaintiff informed that he was under arrest or that the deputies were making a custodial arrest or that they had a warrant for his arrest.

19. Plaintiff was handcuffed. The deputies attempted to pull him to his feet. Plaintiff fell to the ground in pain. One or both deputies caused plaintiff to suffer multiple fractures of his tibial plateau on his left leg.

20. One deputy told plaintiff to "stop faking it," and proceeded to pull him up again. Mr. Beckway fell to the ground. The deputies continued harassing and accusing plaintiff of "faking it". Ultimately, the deputies called an ambulance.

21. When the ambulance arrived, the emergency medical technicians took plaintiff to the Redbud Community Hospital emergency room.

22. After plaintiff's leg was worked on in the emergency room, Sheriff's deputies took plaintiff into a hospital room where they handcuffed him and held him prisoner for two to three hours.

23. Later, Deputy DeShong came into the room and told the Sheriff's deputy guarding plaintiff's room to leave. Deputy DeShong removed plaintiff's handcuffs. He gave plaintiff a

Complaint    4

release form that stated he had not been under arrest, but had only been detained. Mr. Beckway refused to sign the release. Deputy DeShong stapled his card to the form, apologized and released plaintiff.

24. At no time while in the company of the deputies did plaintiff present a threat to the safety of himself or others nor did plaintiff refuse or resist arrest or behave in a disorderly fashion.

25. The defendant deputies had no warrant for the arrest of plaintiff. The defendant deputies had no probable cause for the arrest of the plaintiff.

26. At all times during the events described above, the defendants acted jointly and in concert.

27. As a result of the foregoing acts of the defendants, the plaintiff suffered permanent injury, including but not limited to multiple tibial fractures of his left leg.

28. Defendants, and each of them, deprived plaintiff of his rights, privileges and/or immunities secured by the United States Constitution, which include but are not limited to, violation of the Fourth and Fourteenth Amendments of the United States Constitution, by falsely arresting plaintiff, by depriving plaintiff of his physical liberty, by causing plaintiff physical injury by falsely arresting him, by unreasonably seizing plaintiff's person, by use of excessive, unreasonable and unjustifiable force against his person and by depriving plaintiff of his civil rights.

29. As a result, plaintiff has suffered emotional distress, including but not limited to, fear of encountering police.

30. Plaintiff timely and properly filed a government claim which was denied.

Complaint                                                                                           5

## FIRST CAUSE OF ACTION 42 U.S.C. § 1983

31. Paragraphs 1 through 30 are incorporated herein by reference as though fully set forth.

32. Defendants violated plaintiff's rights under color of law pursuant to 42 U.S.C. § 1983.

33. Plaintiff Beckway claims damages for the injuries set forth above under 42 U.S.C. § 1983.

34. Defendant deputies DeShong and Doe 1 owed an affirmative duty to plaintiff not to use unreasonable and excessive force in detaining and/or arresting him.

35. Defendant deputies DeShong's and Doe 1's unreasonable use of force was to such an extent as to constitute deliberate indifference to plaintiff Beckway's constitutional rights.

36. Defendant deputies DeShong's and Doe 1's misconduct caused plaintiff Beckway's injuries.

37. Defendant Sheriff Rodney K. Mitchell was at all times relevant, the supervisor of Defendants DeShong and Doe 1.

38. Defendant Mitchell had actual and/or constructive knowledge that defendants DeShong and Doe 1 were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like plaintiff Beckway.

39. Defendant Mitchell's response to that knowledge was so inadequate as to show deliberate indifference to, or tacit authorization of, the offensive practice.

40. Defendant Mitchell's inaction was the direct cause of the constitutional injury suffered by plaintiff Beckway.

41. Plaintiff alleges, upon information and belief, prior to October 27, 2007, the

Complaint                                                                                               6

County of Lake developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in County of Lake, which caused violations of plaintiff Beckway's rights.

42. Plaintiff alleges, upon information and belief, that it was the policy and/or custom of the County of Lake to inadequately and improperly investigate citizen complaints of deputy misconduct, and acts of misconduct were tolerated by the County of Lake, such as arresting without probable cause and mishandling of detained and/or arrested suspects.

43. Plaintiff alleges, upon information and belief, that it was the policy and/or custom of the County of Lake to inadequately and improperly investigate citizen complaints of deputy misconduct, and acts of misconduct were tolerated by the County of Lake, such as arresting without probable cause and mishandling of detained and/or arrested suspects.

44. As a result of the above described policies and customs, deputy sheriffs of the County of Lake, including the defendant deputies, believed that their actions would not be investigated or sanctioned and would be tolerated.

45. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the County of Lake to the constitutional rights of persons within the County, and were the cause of the violations of plaintiff Beckway's rights alleged herein.

46. Plaintiff was injured as alleged above.

47. Plaintiff has a right to attorney fees pursuant to 42 U.S.C. § 1988(b).

### SECOND CAUSE OF ACTION Battery

48. Paragraphs 1 through 47 are incorporated herein by reference as though fully set forth.

Complaint                                                                                           7

49. Defendants DeShong and Doe 1 intentionally touched plaintiff Beckway or caused him to be touched when defendants DeShong and Doe 1 grabbed plaintiff Beckway, forced him to the ground and jumped onto the back of plaintiff's legs.

50. Defendants deputies DeShong and Doe 1 used unreasonable force to arrest, detain and/or overcome resistance of plaintiff when they grabbed plaintiff Beckway, forced him to the ground and jumped onto the back of plaintiff's legs.

51. Defendants deputies DeShong and Doe 1 committed such acts while acting within the course and scope of their employment with County of Lake Sheriff's Department.

52. Plaintiff Beckway did not consent to the use of such force.

53. Plaintiff Beckway was harmed and defendants DeShong's and Doe 1's use of unreasonable force caused plaintiff's harm.

54. Defendants conduct caused plaintiff to suffer general damages, including but not limited to, pain and suffering, scarring, and emotional distress.

55. Defendants conduct caused plaintiff to suffer special damages, including but not limited to, loss of wages, impairment of future ability to earn a living, medical expenses and future medical expenses.

56. Defendant deputy DeShong's and Doe 1's conduct was malicious, fraudulent and oppressive.

### THIRD CAUSE OF ACTION False Arrest and Illegal Imprisonment

57. Paragraphs 1 through 56 are incorporated herein by reference as though fully set forth.

58. Defendants DeShong and Does 1 through 10 intentionally deprived plaintiff of his freedom of movement by illegally restraining him at plaintiff's home, taking plaintiff into their

Complaint                                                                                                 8

custody and handcuffing him to his hospital bed. Plaintiff could not leave confinement or custody.

59. Defendants were at all times acting within the course and scope of their employment with the County of Lake's Sheriff Department.

60. Defendants had no warrant and no probable cause to arrest plaintiff.

61. Plaintiff Beckway did not consent to such conduct.

62. Defendants harmed plaintiff and injured him as alleged above.

## FOURTH CAUSE OF ACTION Negligence

63. Paragraphs 1 through 62 are incorporated herein by reference as though fully set forth.

64. Defendants owed an affirmative duty to plaintiff Beckway not to use excessive force in detaining and/or arresting him.

65. Defendants deputies DeShong and Doe 1 were negligent in injuring plaintiff, in particular they were negligent in failing to ascertain probable cause, in restraining plaintiff at his home and in confining plaintiff in his hospital bed, among other things.

66. Defendants were acting within the course and scope of their employment with the County of Lake Sheriff's Department.

67. Defendants negligently caused plaintiff to suffer general damages, including but not limited to, pain and suffering, scarring, and emotional distress.

68. Defendants negligently caused plaintiff to suffer special damages, including but not limited to, loss of wages, impairment of future ability to earn a living, medical expenses and future medical expenses.

Complaint                                                                                                   9

FIFTH CAUSE OF ACTION **Intentional Infliction of Emotional Distress**

69. Paragraphs 1 through 68 are incorporated herein by reference as though fully set forth.

70. Defendants DeShong and Doe 1 engaged in outrageous conduct when they grabbed plaintiff Beckway who was not resisting arrest or detention, threw him to the ground and jumped on the back of plaintiff's legs.

71. Defendants DeShong's and Doe 1's conduct, as set forth above, was intended to cause and/or was done with reckless disregard of the probability that plaintiff Beckway would suffer emotional distress.

72. Plaintiff Beckway suffered severe emotional distress.

73. Defendants DeShong's and Doe 1's conduct caused plaintiffs' harm.

74. Defendants were acting within the course and scope of their employment with the County of Lake Sheriff's Department.

75. Defendants conduct caused plaintiff to suffer general damages, including but not limited to, pain and suffering, scarring, and emotional distress.

76. Defendants conduct caused plaintiff to suffer special damages, including but not limited to, loss of wages, impairment of future ability to earn a living, medical expenses and future medical expenses.

77. Defendant deputy DeShong's and Doe 1's conduct was malicious, fraudulent and oppressive.

SIXTH CAUSE OF ACTION **Negligent Infliction of Emotional Distress**

78. Paragraphs 1 through 77, excluding paragraph 71, are incorporated herein by reference as though fully set forth.

Complaint                                                                                                                  10

79. Defendants owed an affirmative duty to plaintiff Beckway not to use excessive force in detaining and/or arresting him.

80. Defendants DeShong and Doe 1 failed to use reasonable care when arresting and/or detaining plaintiff when they grabbed plaintiff, threw him to the ground and jumped on his legs.

81. Defendants DeShong and Doe 1 acted negligently when they grabbed plaintiff, threw him to the ground and jumped on his legs.

82. Plaintiff Beckway suffered serious and severe emotional distress.

83. Defendants DeShong's and Doe 1's negligent conduct caused plaintiff's serious emotional distress.

84. Defendants were acting within the course and scope of their employment with the County of Lake Sheriff's Department.

85. Defendants conduct caused plaintiff to suffer general damages, including but not limited to, pain and suffering, scarring, and emotional distress.

86. Defendants conduct caused plaintiff to suffer special damages, including but not limited to, loss of wages, impairment of future ability to earn a living, medical expenses and future medical expenses.

87. Defendant deputy DeShong's and Doe 1's conduct was malicious, fraudulent and oppressive.

WHEREFORE, plaintiff requests judgment against defendant DeShong; Does 1 through 10; Sheriff Rodney K. Mitchell; County of Lake's Sheriff Department and County of Lake, and each of them, as follows:

1. General damages according to proof at trial;

2. Special damages, which include but are not limited to, loss of wages, impairment of

Complaint                                                                                              11

future loss of wages, medical expenses and cost of future medical expenses;

3. Costs of this action to the plaintiff;

4. Reasonable attorney's fees and costs;

5. Such other and further relief as this Court may deem appropriate.

In addition, plaintiff alleges against Sheriff's Deputies DeShong and Doe 1, as follows:

6. Punitive damages according to proof.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury against each defendant and for each issue so triable.

Dated: October 2, 2007

Respectfully submitted,
Law Offices of
Charles F. Bourdon

By: CHARLES F. BOURDON
Attorney for Plaintiff
BRENT BECKWAY

Complaint                                                                 12