**JONES & DYER**
**A Professional Corporation**
**1800 J Street**
**Sacramento, California 95811**
**Telephone: (916) 552-5959**
**Fax: (916) 442-5959**

**MARK A. JONES, State Bar #96494**

Attorneys for: Defendants County of Lake, County of Lake Sheriff's Department and Sheriff Rodney Mitchell

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT BECKWAY, | NO. C 07 5072 EMC |
| Plaintiff, | **ANSWER TO COMPLAINT AND DEMAND FOR TRIAL BY JURY** |
| vs. | |
| DEPUTY PAUL DESHONG, DOES 1 through 10, inclusive, SHERIFF RODNEY K. MITCHELL, COUNTY OF LAKE SHERIFF'S DEPARTMENT and COUNTY OF LAKE, | |
| Defendants. | |

Come now defendants County of Lake, County of Lake Sheriff's Department, and Sheriff Rodney Mitchell, and in answer to the complaint on file herein, hereby admit, deny and allege as follows:

**Jurisdiction**

1.  Answering paragraph 1 of the complaint, defendants admit that the court has jurisdiction of this action as alleged therein.

2.  Answering paragraph 2 of the complaint, defendants lack sufficient information or belief to enable them to answer the allegations of said paragraph, and basing their denial on that ground, deny each and every allegation contained therein.

3.  Answering paragraph 3 of the complaint, defendants admit the allegations contained

therein with respect to Deputy Paul DeShong, but lack sufficient information or belief to answer the allegations contained therein with respect to the Doe defendants, and on that basis deny each and every such allegation.

4. Answering paragraph 4 of the complaint, defendants admit that the LC is a public entity organized and existing under the laws of the State of California, and that LC Sheriff's Department is a department of County of Lake. With respect to the remaining allegations contained in that paragraph, defendants allege that the allegations are vague, ambiguous and conclusory, and defendants neither admit nor deny the remaining allegations.

5. Answering paragraph 5 of the complaint, defendants lack sufficient information or belief to enable them to answer the allegations of said paragraph, and basing their denial on that ground, deny each and every allegation contained therein.

6. Answering paragraphs 6, 7 and 8 of the complaint, defendants deny the allegations contained therein.

**General Allegations**

7. Answering paragraph 9 and 10 of the complaint, defendants lack sufficient information or belief to enable them to answer the allegations of said paragraph, and basing their denial on that ground, deny each and every allegation contained therein.

8. Answering paragraph 12 of the complaint, defendants admit that Deputy DeShong and another member of the Lake County Sheriff's Department contacted plaintiff at his residence, but deny the remaining allegations of that paragraph.

9. Answering paragraphs 13, 14, 15, 16, 17, 18, 19 and 20 of the complaint, defendants deny the allegations contained therein.

10. Answering paragraph 21 of the complaint, defendants admit the allegations contained therein.

11. Answering paragraph 22 of the complaint, defendants deny the allegations contained therein.

12. Answering paragraph 23 of the complaint, defendants lack sufficient information or belief to enable them to answer the allegations of said paragraph, and basing their denial on that

ground, deny each and every allegation contained therein.

13. Answering paragraph 24 of the complaint, defendants deny the allegations contained therein.

14. Answering paragraph 25 of the complaint, defendants deny that no probable cause existed for the arrest of plaintiff.

15. Answering paragraph 26 of the complaint, defendants deny the allegations contained therein.

16. Answering paragraph 27 of the complaint, defendants lack sufficient information or belief to enable them to answer the allegations of said paragraph, and basing their denial on that ground, deny each and every allegation contained therein.

17. Answering paragraphs 28, 29 and 30 of the complaint, defendants deny the allegations contained therein.

### First Cause of Action (42 U.S.C. § 1983)

18. Answering paragraph 31 of the complaint, defendants incorporate herein by reference their responses to paragraphs 1 through 30 of the complaint as though fully set forth herein.

19. Answering paragraphs 32 and 33 of the complaint, defendants deny the allegations contained therein.

20. Answering paragraph 34 of the complaint, defendants admit the allegations contained therein.

21. Answering paragraphs 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46 and 47 of the complaint, defendants deny the allegations contained therein.

### Second Cause of Action (Battery)

22. Answering paragraph 48 of the complaint, defendants incorporate herein by reference their responses to paragraphs 1 through 47 of the complaint as though fully set forth herein.

23. Answering paragraphs 49, 50, 51, 52, 53, 54, 55 and 56 of the complaint, defendants deny the allegations contained therein.

### Third Cause of Action (False Arrest and Illegal Imprisonment)

24. Answering paragraph 57 of the complaint, defendants incorporate herein by reference

1 their responses to paragraphs 1 through 56 of the complaint as though fully set forth herein.

2     25.    Answering paragraphs 58, 59, 60, 61 and 62 of the complaint, defendants deny the allegations contained therein.

**Fourth Cause of Action (Negligence)**

26. Answering paragraph 63 of the complaint, defendants incorporate herein by reference their responses to paragraphs 1 through 62 of the complaint as though fully set forth herein.

27. Answering paragraph 64 of the complaint, defendants admit the allegations contained therein.

28. Answering paragraphs 65, 66, 67 and 68 of the complaint, defendants deny the allegations contained therein.

**Fifth Cause of Action (Intentional Infliction of Emotional Distress)**

29. Answering paragraph 69 of the complaint, defendants incorporate herein by reference their responses to paragraphs 1 through 68 of the complaint as though fully set forth herein.

30. Answering paragraphs 70, 71, 72, 73, 74, 75, 76 and 77 of the complaint, defendants deny the allegations contained therein.

**Sixth Cause of Action (Negligent Infliction of Emotional Distress)**

31. Answering paragraph 78 of the complaint, defendants incorporate herein by reference their responses to paragraphs 1 through 77 of the complaint as though fully set forth herein.

32. Answering paragraph 79 of the complaint, defendants admit the allegations contained therein.

33. Answering paragraphs 80, 81, 82, 83, 84, 85, 86 and 87 of the complaint, defendants deny the allegations contained therein.

**AFFIRMATIVE DEFENSES**

34. As a first affirmative defense to each and every allegation and every cause of action set forth in the complaint, the defendants allege that those causes of action fail to state any claim upon which relief can be granted.

35. As a second affirmative defense to plaintiff's complaint, defendants allege that plaintiff's claims are barred by the applicable statutes of limitation.

36. As a third affirmative defense to plaintiff's complaint, defendants allege that plaintiff was contributorily or comparatively negligent and careless in and about matters and events set forth in the complaint and his negligence proximately contributed to his alleged injuries and damages. Any jury verdict in his favor that may be rendered in this case, therefore, must be reduced by the percentage that his negligence contributed to any of his damages or injuries.

37. As a fourth affirmative defense to plaintiff's causes of action in the complaint, defendants allege that they have qualified immunity from liability for matters set forth in the complaint. The acts complained of occurred within the scope of defendants' official duties and defendants had no knowledge that said acts were illegal and/or unconstitutional nor were said acts clearly violative of plaintiff's rights at the time they were committed.

38. As a fifth affirmative defense to plaintiff's causes of action in the complaint, defendants allege that they not liable to the plaintiff because any allegedly wrongful action taken by the individual officers was not pursuant to an official policy or custom.

39. As a sixth affirmative defense to plaintiff's causes of action in the complaint, defendants allege that any harm which came to plaintiff was a direct and proximate cause of each plaintiff's own actions.

40. As a seventh affirmative defense to plaintiff's causes of action in the complaint, defendants allege that any of plaintiff's alleged damages or injuries were aggravated by his failure to use reasonable diligence to mitigate them.

41. As an eighth affirmative defense to plaintiff's causes of action in the complaint, defendants allege that any of plaintiff's damages or injuries were proximately caused by the negligence of other persons, firms, corporations or entities, for whom the defendants are not responsible. Should plaintiff be entitled to recover under the complaint, his recovery should be reduced in proportion to the negligence of such other persons, firms, corporations or entities.

42. As a ninth affirmative defense to plaintiff's causes of action in the complaint, defendants allege that they were acting in their official capacities at all times relevant to this action, and any alleged actions were made in good faith, without malice, or were performed with a reasonable belief that their actions were authorized by and in accord with existing law and authority.

43. As a tenth affirmative defense to plaintiff's causes of action in the complaint, defendants allege that their actions were privileged as a matter of law.  Consequently, no liability can be caste upon them in their individual capacities.

44. As an eleventh affirmative defense to plaintiff's causes of action in the complaint, defendants allege that to the extent plaintiff attempts to allege state claims, these claims are barred pursuant to California Government Code sections 815.2, 815.6, 818.2, 818.8, 820, 820.2, 820.4, 820.8, 821, 821.6, 822.2, 844.6, 845, 845.2, 845.6, 846, 855, 855.8, 856 856.4911.2, 911.4, 945.4, 946.6, 950.2 and 950.6.

45. As a twelfth  affirmative defense to plaintiff's causes of action in the complaint, defendants allege that to the extent that plaintiff attempts to allege state claims, these claims are barred pursuant to California Civil Code section 43.55.

46. As a thirteenth affirmative defense to plaintiff's causes of action in the complaint, defendants allege that to the extent that plaintiff attempts to allege state claims, these claims are barred pursuant to California Penal Code sections 196, 197, 835 and 843.

47. As a fourteenth affirmative defense to plaintiff's causes of action in the complaint, defendants allege that plaintiff's arrest and/or detention, if any, was made with probable cause.

48. As a fifteenth affirmative defense to plaintiff's causes of action in the complaint, defendants allege that any search or seizure of plaintiff's property was reasonable and necessary to effect lawful and proper law enforcement procedures and, as such, there can be no liability against these defendants.

49. As a sixteenth affirmative defense to plaintiff's causes of action in the complaint, defendants allege that plaintiff's claims for punitive damages are barred by provisions of Government Code section 818 and Newport v. Fact Concert, Inc., 453 U.S. 247 (1981).

50. As a seventeenth affirmative defense to plaintiff's causes of action in the complaint, defendants allege that plaintiff is not entitled to punitive damages, because punitive damages are unconstitutional and violate the defendants' right to due process and equal protection.

51. As an eighteenth affirmative defense to plaintiff's causes of action in the complaint, defendants allege that defendants used force that was reasonably necessary to resist and repel

1 | plaintiff's unprovoked assault and to prevent defendants from being further injured by plaintiff. Any
2 | injury to the plaintiff occurred solely through defendants' use of objectively reasonable and lawful
3 | force used in self-defense and defense of others.
4 |     52.    As a nineteenth affirmative defense to plaintiff's causes of action in the complaint,
5 | defendants allege that plaintiff assumed the risk of his conduct.
6 |     53.    As a twentieth affirmative defense to plaintiff's causes of action in the complaint,
7 | defendants allege that defendants acted appropriately in a sudden emergency situation.
8 |     54.    As a twenty-first affirmative defense to plaintiff's causes of action in the complaint,
9 | defendants allege that plaintiff's claims are barred pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477, 114
10 | S.Ct. 2364, 129 L.Ed.2d 383 (1994).
11 |     WHEREFORE, defendants pray for judgment as follows:
12 |     1.    That plaintiff take nothing by his action;
13 |     2.    That defendants be awarded the costs of defending this lawsuit;
14 |     3.    Defendants have a judgment against the plaintiff; and
15 |     4.    For such other and further relief as this court deems proper.
16 | DATED: October 29, 2007.

                                  JONES & DYER

                                  By   /s/ Mark A. Jones
                                      MARK A. JONES, Attorneys for Defendants
                                      County of Lake, County of Lake Sheriff's
                                      Department, and Sheriff Rodney Mitchell

### **DEMAND FOR JURY TRIAL**

    Defendants County of Lake, County of Lake Sheriff's Department, and Sheriff Rodney Mitchell hereby request a trial by jury in this matter.

DATED: October 29, 2006.

                                                        JONES & DYER

                            By:      /s/ Mark A. Jones
                                    MARK A. JONES, Attorneys for
                                    Defendants County of Lake, County of Lake
                                    Sheriff's Department, and Sheriff Rodney
                                    Mitchell