CHARLES F. BOURDON, State Bar #84782
Law Offices of Charles F. Bourdon
179 - 11th Street, 2nd Floor
San Francisco, CA 94103
415-864-5100
415-865-0376 (fax)

BARON J. DREXEL, State Bar #132529
Law Offices of Baron J. Drexel
212 Ninth Street, Suite 401
Oakland, CA 94607
510-444-3184 (phone)
510-444-3181 (fax)

Attorneys for Plaintiff

MARK A. JONES, State Bar #96494
KRISTEN K. PRESTON, State Bar #125455
JONES & DYER
A Professional Corporation
1800 J Street
Sacramento, California 95811
Telephone: (916) 552-5959
Fax: (916) 442-5959

Attorneys for: Defendants County of Lake, County of Lake Sheriff's Department and
Sheriff Rodney Mitchell

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA,
SAN FRANCISCO DIVISION

| | |
|---|---|
| BRENT BECKWAY,<br>　　　　　　Plaintiff,<br>vs.<br>DEPUTY PAUL DESHONG, DOES 1 through 10, inclusive, SHERIFF RODNEY K. MITCHELL, COUNTY OF LAKE SHERIFF'S DEPARTMENT and COUNTY OF LAKE,<br>　　　　　　Defendants. | NO. C 07 5072 THE<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:     January 28, 2008<br>Time:    1:30 p.m.<br>Location: Courtroom 12, 19th Floor<br>Judge:   Hon. Thelton E. Henderson |

   This Joint Statement is submitted by Counsel for Plaintiff and Counsel for Defendants Sheriff Rodney K. Mitchell, County of Lake Sheriff's Department and County of Lake. We understand that defense counsel for Deputy Paul Deshong has been away. In order to meet the

JOINT CASE MANAGEMENT STATEMENT
CASE NO. C-07-5072 THE

Court's deadline, these parties file this Joint Case Management Statement.

1. <u>Jurisdiction and Service:</u>

No issues exist with regard to jurisdiction or service except that there remains a defendant who was not named in the complaint. (There were two officers who detained plaintiff when he was injured and taken to the hospital. Deputy Richard Ward was not named. Plaintiff had made 6 requests to obtain the police report which identified his name but was just given the police report which identifies his name at a criminal arraignment that just occurred.) Plaintiff requests that the court grant leave to amend so that plaintiff can name Richard Ward as one of the Doe defendants.

2. <u>Facts:</u>

*Plaintiff's Statement*:

On 10/27/06 at approximately 7:00 p.m., Deputy Paul Deshong went to the residence of one Mr. Keats on a report of an assault. At the time, Mr. Keats lived at 10477 Redwood Road, Loch Lomond. Mr. Keats described an argument he had with Mr. Beckway at the Loch Lomond Market. Deputy Deshong claims that while at Keats' residence he overheard a male leaving a message. The caller was on Keat's telephone yelling various threats to Keats and his friends. Deputy Deshong also claims that he was told by Keats that Beckway made it known to the neighborhood that he owned guns.

Deputy Deshong reports that he left Keat's residence and went to the Loch Lomond Market and contacted two witnesses: one said she saw plaintiff strike Keats, the other witness did not see the strike. Deputy Deshong requested Deputy Richard Ward to respond as a cover unit "given Beckway's obvious intoxication level and state of mind when he left the message on Keat's answering machine."

Deshong reports that an hour later he contacted Beckway through Beckway's screen door and smelled a strong odor of alcohol. He says Beckway walked on to the deck. Deshong states that Beckway denied striking Keats and that he told Beckway that Beckway "was under arrest." Beckway maintains that he was never told he was under arrest, that he spoke calmly and in a relaxed fashion. Deshong reports that he then "attempted to take control of Beckway's right arm to place

1  him into custody," that Beckway spun around to gain physical advantage, and freed himself from
2  Deshong's "grasp" whereupon he lost his balance and fell to the deck. Deshong claims that
3  Beckway fell forward and had his arms and hands under his torso. Deshong then reports that he and
4  Deputy Ward took control of Beckway's arms and gained control of his hands by placing Beckway in
5  handcuffs. Beckway maintains that the officers threw him down, face down and that one of the
6  deputies grabbed on to his arms while he was down and the other proceeded to spread his legs and
7  drop his knees on top of the back of Beckway's legs.
8        Deshong reports that they assisted Beckway to his feet whereupon Beckway complained of
9  pain to left leg. Deshong says he contacted medical personnel who responded to the request.
10 An ambulance took Beckway to the hospital. While there, Deshong reports that he gave Beckway a
11 "LCSO Form #38 [Detention only form] to Beckway as his treatment was going to be prolonged."
12 Deshong says Beckway read the form, understood it, but felt obligated not to sign it as he did not
13 have glasses to read the form. Beckway maintains he was handcuffed in the hospital room, kept
14 under watch for two to three hours and during this time Deshong came into the room and apologized
15 as he gave him the "Detention only" form.
16       Beckway sustained a medial plateau fracture. No arrest was made until months after
17 Beckway filed a government claim which was months after the attack and deterntion.
18       *Defendants' Statement:*
19       On October 27, 2006, the Lake County Sheriff's Department was summoned by an individual
20 complaining of an altercation initiated by Brent Beckway. This individual complained that Beckway
21 struck him in the face causing injury to him. Witnesses to the altercation identified Beckway as the
22 aggressor. The complainant also played a telephone message recording from Beckway wherein
23 Beckway was exhibiting signs of intoxication and using threatening language against the
24 complainant.
25   On the basis of the complaint, witness statements and recording, officers of the Lake County
26 Sheriff's Department went to the home of Beckway and encountered Beckway there who was then
27 exhibiting signs of extreme intoxication, including combative behavior. Beckway was informed that
28

1  he was being placed under arrest at which time Beckway resisted, pulling and spinning away from
2  the officers. Beckway fell to the ground. The officers were able to gain control of Beckway and
3  placed him under arrest. An audio recording of the officers' interaction with Beckway and the arrest
4  was made.
5     At that time, Beckway complained of pain to his left leg and medical personnel were summoned
6  to attend to him. Beckway was transported to a local hospital for treatment.
7        3.   Legal Issues:
8        Plaintiff's complaint alleges several causes of action.  The first cause of action for "42 U.S.C.
9  1983", alleges unreasonable and excessive use of force, deliberate indifference "to [plaintiff's]
10 constitutional rights", and *Monell* claims.  The second, third, fourth fifth and sixth causes of action
11 pertain to state claims for battery, false arrest and "illegal imprisonment", negligence, intentional
12 infliction of emotional distress and negligent infliction of emotional distress.
13       Defendants generally and specifically deny plaintiff's allegations.  Defendants contend that
14 probable cause existed and the arrest of plaintiff for a violations of the California Penal Code was
15 lawful.  Defendants contend that the force employed to effect plaintiff's arrest was objectively
16 reasonable.  Defendants contend that the detention of plaintiff was lawful and that, during the period
17 of his detention, defendants were not deliberately indifferent to any serious medical need of
18 plaintiff's.
19       4.   Motions:
20    No motions are currently pending. However, if the Court does not wish to take up the issue of
21 the missing defendant at the CMC,  plaintiff will file a motion for leave to name the Doe defendant.
22 Defendants anticipate filing a dispositive motion.
23       5.   Amendment of Pleadings:
24    As noted above, plaintiff seeks  leave  to amend complaint to name a defendant sued herein
25 fictiously as a Doe defendant.
26       6.   Evidence Preservation:
27     Plaintiff has learned from a police report which was held until recently (plaintiff requested it
28

six times) that there is a tape recording and video tape of plaintiff. Plaintiff seeks a copy of this evidence immediately so that if it is lost or misplaced plaintiff will have copies.

7. Disclosures:

All parties intend to make a full and timely initial disclosure of witnesses and documents as required by Fed. R. Civ. P. 26. By agreement, all parties will make an initial disclosure no later than January 23, 2008.

8. Discovery:

The parties submit that discovery should proceed pursuant to Federal Rule of Civil Procedure 26 and 29-37. The parties do not believe that a Rule 26(f) discovery conference is necessary in this matter, and the parties should simply proceed with initial disclosures.

9. Class Actions:

Not applicable.

10. Related Cases:

The parties are unaware of any other case related to the instant matter.

11. Relief:

Plaintiff seeks compensatory and punitive damages.

12. Settlement and ADR:

The parties have stipulated to Early Neutral Evaluation.

13. Consent to Magistrate Judge for All Purposes:

The parties will consent to have a magistrate judge conduct all discovery matters.

14. Other References:

The parties do not suggest that this case is suitable for any other reference.

15. Narrowing of Issues:

The parties have not presently identified any issues that can be narrowed by agreement.

16. Expedited Schedule:

Plaintiff believes this case should be tried within 6 to 8 months. Plaintiff's injuries have prevented him from work and doing things for himself which has created a financial hardship.

1  17. <u>Scheduling:</u>

2  Plaintiff proposes the following cutoff dates:

3  Expert witness disclosure and reports by August 25, 2008.

4  Non-expert discovery completed by September 15, 2008.

5  Expert discovery completed by October 1, 2008.

6  All motions, except for motions for continuances, temporary restraining orders or other

7  emergency applications, be filed by October 1, 2008.

8  Pre-trial conference October 15, 2008

9  Trial: November 1, 2008.

10  Defendants propose the following cutoff dates:

11  Expert witness disclosure and reports by November 25, 2008.

12  Non-expert discovery completed by September 23, 2008.

13  Disclosure of experts and reports for experts intended solely for rebuttal on or before

14  December 9, 2008.

15  Expert discovery completed by December 23, 2008.

16  All motions, except for motions for continuances, temporary restraining orders or other

17  emergency applications, be filed by November 3, 2008.

18  Pre-trial conference February 2, 2009.

19  Trial: February 23, 2009.

20  Mark Jones, defendants' trial counsel, has advised that he has a vacation scheduled in

21  October 2008.  Plaintiff is willing to accommodate Mr. Jones' vacation but is concerned about

22  delaying the matter.

23  18:  <u>Trial:</u>

24  The parties request that this case be tried to a jury.  Plaintiff anticipates the length of trial to

25  be 9 to 12 days.  Defendants anticipate the length of trial to be 5 days.

26  19. <u>Disclosure of Non-Party Entities or Persons:</u>

27  Each party's Certificate of Interested Parties or Persons will be filed  and, pursuant to Local

28

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. C-07-5072 THE**

A:\LOBJD\CIVIL CLIENTS\BECKWAY\final draft cmc 1.21.wpd

1 Rule 3-16, provides: [Party] certifies that as of this date, other than the named parties, there is no
2 such interest to report.
3     20. Other Matters:
4     The parties submit that the information set forth above encompasses all of the matters which
5 may be conducive to the just, efficient and economical determination of the action.

6 Date: January 21, 2008                             JONES & DYER

                                                    By:    /s/ Kristen Preston
8                                                          Kristen Preston
                                                           Attorneys for Defendants County of Lake,
9                                                          County of Lake Sheriff's Department, and
                                                           Sheriff Rodney Mitchell

11 Date: January 21, 2008                            LAW OFFICES OF CHARLES F. BOURDON
                                                    LAW OFFICES OF BARON J. DREXEL

                                                    By:    /s/Baron J. Drexel
14                                                         Baron J. Drexel
                                                           Attorney for Plaintiff