**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 99180
John R. Whitefleet, SBN 213301
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendant PAUL DESHONG

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT BECKWAY, | Case No. C 07-5072 EMC |
| Plaintiff, | |
| vs. | **DEFENDANT PAUL DESHONG'S CASE MANAGEMENT STATEMENT** |
| DEPUTY PAUL DESHONG, DOES 1 through 12, inclusive, SHERIFF RODNEY K. MITCHELL, COUNTY OF LAKE SHERIFF'S DEPARTMENT and COUNTY OF LAKE, | |
| Defendants. | |

Defendant PAUL DESHONG ("Defendant") hereby submits the following Case Management Statement[1] and Proposed Order.

## DESCRIPTION OF THE CASE

**1. A brief description of the events underlying the action:**

This matter arises from the detention/arrest and the use of force during same of Plaintiff BECKWAY on October 27, 2006, following a call for law enforcement services by

---

[1] Defendant notes that it did not intentionally delay or otherwise not cooperate in the preparation of the Joint Case Management Statement submitted by the other parties. Unfortunately, at the time the parties met and conferred, counsel for Defendant was out of state during which he became ill and unfortunately was unable to participate in the process. Defendant and his counsel apologize to the court and to the parties for any inconvenience this may have caused.

1
**DEFENDANT PAUL DESHONG'S CASE MANAGEMENT STATEMENT**
00556230.WPD

1  an individual complaining of an altercation initiated by Plaintiff.  Plaintiffs asserts
2  Defendant(s) violated his constitutional rights under the Fourth and Fourteenth Amendments
3  pursuant to 42 U.S.C § 1983, as well as state law claims for battery, false arrest, negligence,
4  intentional and/or negligent infliction of emotional distress.
5  Defendant denies any and all liability.
6  **2.    The principal factual issues which the parties dispute:**
7  Defendant submits that the following factual issues are in dispute:
8  (1)    The circumstances regarding the detention/arrest of Plaintiff;
9  (2)    The use of force used during the arrest;
10 (3)    The circumstances following the detention/arrest of Plaintiff.
11 **3.    The principal legal issues which the parties dispute:**
12 Defendant submits that the following legal issues are in dispute:
13 (1)    Whether Defendant violated the Fourth Amendment. in the detention/arrest
14 and/or in the manner thereof on Plaintiff;
15 (2)    Whether Defendant is entitled to immunity pursuant to federal and/or state law.
16 **4.    The other factual issues *[e.g. service of process, personal jurisdiction,***
17 ***subject matter jurisdiction or venue]* which remain unresolved for the reason stated**
18 **below and how the parties propose to resolve those issues:**
19 Plaintiff indicates there was a recent criminal arraignment, and implies it arises out
20 of the October 27, 2007 arrest.  (See Joint Case Management Statement, p. 2:5-7).  If
21 criminal charges against Plaintiff are indeed now pending, it may be prudent for this court
22 to consider abstaining from exercising jurisdiction until the completion of those proceedings.
23 **5.    The parties which have not been served and the reasons:**
24 Defendant understand Plaintiff intends on adding an additional defendant.
25 **6.    The additional parties which the below-specified parties intend to join and**
26 **the intended time frame for such a joinder:**
27 None at this time.
28 ///

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

2
**DEFENDANT PAUL DESHONG'S CASE MANAGEMENT STATEMENT**
00556230.WPD

**7.     The following parties consent to assignment of this case to a United States Magistrate Judge:**

Defendant agrees to have a Magistrate Judge conduct all discovery matters.

## ALTERNATIVE DISPUTE RESOLUTION

**8.     Defendant agrees to ADR.**

## DISCLOSURES

**9.** The parties have not made any disclosures at this time.  Disclosures may depend on the pendency of criminal charges, as well as a potential protective order.

## DISCOVERY

**10.     Defendant proposes the following plan:**

F.R.Civ.P. 26(a) disclosures should be made within 30 days after the initial Case Management Conference.

Defendant may seek discovery from Plaintiff as to his allegations in the Complaint.

Expert witness should be disclosed no less than 90 days after the court rules on Defendant's anticipated Motion for Summary Judgment/Adjudication, and at least six months prior to trial.  At this time, Defendant proposes deferring the establishment of a date for disclosure of expert witnesses until after the issue of the pendency of criminal charges is resolved, because if the court abstains from jurisdiction and stays the matter, the timing of discovery and trial will proceed only following the completion of those proceedings and lifting of the stay.

## TRIAL SCHEDULE AND FURTHER PROCEEDINGS

**11.     Defendant requests a continuance of the CMC; alternatively suggests a plan.**

In light of the potential criminal proceedings, Defendant would request deferral of the trial date and discovery plan, and request a further Case Management Conference be scheduled in approximately ninety (90) days.

Should the Court not continue the Case Management Conference nor defer setting the trial, Defendant requests the following schedule for further proceedings, which would

3
**DEFENDANT PAUL DESHONG'S CASE MANAGEMENT STATEMENT**
00556230.WPD

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

account for anticipated Motion(s) for Summary Judgment/Adjudication:

| | |
|---|---|
| **Expert Witness Disclosure** | June 30, 2009 |
| **Rebuttal Expert Witness Disclosure** | July 14, 2009 |
| **Discovery Cut-off** | August 31, 2009 |
| **Last Day to File Dispositive Motions** | October 30, 2009 |
| **Final Pre-Trial Conference** | January 18, 2009 |
| **Trial** | February 15, 2010 |

Trial length is currently estimated at six (6) days.

                                  Respectfully Submitted,

Dated:  January 22, 2008        PORTER SCOTT
                                     A PROFESSIONAL CORPORATION


                              By   /s/ John J. Whitefleet
                                    Terence J. Cassidy
                                    John R. Whitefleet
                                    Attorneys for Defendant
                                    PAUL DESHONG

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

4

**DEFENDANT PAUL DESHONG'S CASE MANAGEMENT STATEMENT**

00556230.WPD