1  **CHARLES F. BOURDON, State Bar #84782**
   **Law Offices of Charles F. Bourdon**
2  **179 - 11th Street, 2nd Floor**
   **San Francisco, CA 94103**
3  **415-864-5100**
   **415-865-0376 (fax)**
4
   **BARON J. DREXEL,  State Bar #132529**
5  **Law Offices of Baron J. Drexel**
   **212 Ninth Street, Suite 401**
6  **Oakland, CA 94607**
   **510-444-3184 (phone)**
7  **510-444-3181 (fax)**

8  Attorneys for Plaintiff

9  **MARK A. JONES, State Bar #96494**
   **KRISTEN K. PRESTON, State Bar #125455**
10 **JONES & DYER**
   **A Professional Corporation**
11 **1800 J Street**
   **Sacramento, California 95811**
12 **Telephone:  (916) 552-5959**
   **Fax: (916) 442-5959**
13
14 Attorneys for:  Defendants County of Lake, County of Lake Sheriff's Department and
                   Sheriff Rodney Mitchell

15 **TERENCE J. CASSIDY,     State Bar #99180**
   **JOHN R. WHITEFLEET, State Bar #213301**
16 **PORTER | SCOTT**
   **350 University Avenue, Suite 200**
17 **Sacramento, California 95825**
   **Telephone: (916) 929-1481**
18 **Fax: (916) 927-3706**

19 Attorneys for: Defendant Deputy Paul DeShong

20
                    UNITED STATES DISTRICT COURT
21
         NORTHERN DISTRICT OF CALIFORNIA,  SAN FRANCISCO DIVISION
22

23 BRENT BECKWAY,                        ) NO.  C 07 5072 TEH
                        Plaintiff ,      )
24 vs.                                   ) **JOINT CASE MANAGEMENT**
                                         ) **STATEMENT**
25 DEPUTY PAUL DESHONG, DOES 1 through 10, )
   inclusive, SHERIFF RODNEY K. MITCHELL, ) **Date:       March 3, 2008**
26 COUNTY OF LAKE SHERIFF'S DEPARTMENT   ) **Time:       1:30 p.m.**
   and COUNTY OF LAKE,                   ) **Location:  Courtroom 12, 19th Floor**
27                                        ) **Judge:      Hon. Thelton E. Henderson**
                        Defendants.      )
28 _____   )

1    **1.  <u>Jurisdiction and Service</u>**:

2    **Plaintiff's Position**:

3    Defendants at the last status hearing claimed a bar by California government Code section

4    943.5 without referring to <u>Younger</u>.  The court ordered that discovery with the exception of

5    production go forward and reset the matter to learn the status of the criminal proceedings.  Plaintiff's

6    position is that section 943.5 is not an absolute prohibition and that it cannot prohibit a plaintiff from

7    bringing a 1983 action against a peace officer when such action is brought in good faith and without

8    knowledge of any criminal proceeding.  In the instant case, it is the County which is playing games,

9    using a criminal proceeding to thwart plaintiff from seeking his remedies as a result of an illegal

10   arrest in which two deputies broke plaintiff's leg, causing him to suffer a comminuted tibia plateau

11   fracture.  Plaintiff's position is that after the County knew that plaintiff was pursuing his civil

12   remedy, it then filed a criminal case to justify its illegal arrest which was incident to the illegal use of

13   force.

14   <u>Emmert v. City of Sonoma</u> (N.D. Cal.1993) 836 F.Supp. 715, *quoting* <u>Harding v. Calceran</u>,

15   889 F.2d 906, 909, found that California Government Code 943.5 was enacted to avoid civil litigants

16   from using civil suits to gain plea bargaining chips or as a means of discovery, not when a civil suit

17   is commenced in good faith and before the defendant knew he would be criminally charged.

18   The underlying incident over a dispute over a cord of wood occurred on October 27, 2006.

19   On April 23, 2007, plaintiff's counsel submitted a government claim.  Plaintiff filed his civil

20   complaint on October 2, 2007.  Plaintiff was served with a criminal warrant on October 13, 2007.

21   Thus, the instant case was commenced before the criminal action was initiated.  The intention

22   of the California legislature was to avoid frivolous suits against officers to aid in bargaining chips.

23   Here, the State filed a criminal case because the civil lawsuit was commenced.  The law was not

24   intended to be used by the State in order to coerce a civil litigant from pursuing his remedy.

25   A preliminary hearing in plaintiff's State criminal case is set for May 30, 2008.

26   Plaintiff served Deputy Richard Ward with the complaint on February 12, 2008.

27   **Defendants' Position:**

28   Criminal charges are currently pending against the plaintiff arising out of the arrest that forms

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. C-07-5072 TEH**

H:\MA\cases\Brockway v. Lake County\Pleadings\Joint CMC Statement.wpd

1   the basis of this civil action.  Jurisdictional issues exist pertaining to this civil action, particularly

2   with regard to the pendant claims, on the basis of the statutory prohibition of California Government

3   Code section 945.3 and as to all claims based on the <u>Younger</u> doctrine (<u>Younger v. Harris</u>, 401 U.S.

4   37, 43 (1971)).[1]

5        This prohibition is absolute.  Its purpose is well defined by the cases, both federal and state,

6   considering the statute.  "Section 945.3 was enacted to prevent criminal defendants from using civil

7   damages complaints as plea bargaining devices in their criminal cases, and to prevent the use of civil

8   actions to gain discovery into prosecutorial information while the criminal action is pending."

9   (<u>Emmert v. City of Sonoma</u>, 836 F.Supp. 715 (ND Cal. 1993) quoting <u>Harding v. Galceran</u>, 889 F.2d

10  906, 909 (9th Cir. 1989, cert denied, <u>Galceran v. Harding</u> 498 U.S. 1082, 111 S.Ct. 951 (1991); see

11  also <u>McAlpine v. Superior Court</u>, 209 Cal.App.3d 1, 7, 257 Cal.Rptr. 32 (1989).)

12       The Northern District decision in <u>Emmert</u> expressly holds that, in view of the purpose of

13  section 945.3, "its provisions apply to <u>all</u> claims - including section 1983 claims - whether they are

14  otherwise subject to the Tort Claims Act or not."  (<u>Emmert</u> at page 716, emphasis supplied.)

15  Decisions from the Eastern District of California have similarly applied the prohibition and tolling

16  provisions of section 945.3 to 1983 as well as pendent state claims.  (<u>Johnson v. City of Chico</u>, 725

17  F.Supp. 1097 (1989): "The state provision applies to state law claims governed by the California

18  Government Tort Claims Act, while the tolling provision applies to any claims for damages against

19  law enforcement officers whether arising under either state or federal law, or both, to the extent that

20  such claims arise out of the same transaction." (at page 1103); <u>Harned v. Landahl</u>, 88 F.Supp.1118,

21  1121-22 (ED Cal.2000).)

22       Plaintiff contends that Deputy Richard ward has been served with the complaint.  No proof of

23  service has been filed with the court or provided to defendants and defendants are unaware of

24  whether service has been accomplished.

25

26  [1]  California Government Code section 945.3 provides in pertinent part: "No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil

27  action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the police officer relating to the offense for which the accused is charged, including an act or

28  omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a superior court."

1

2       **2.  Facts**:.

3       **Plaintiff's Statement**:

4       On 10/27/06 at approximately 7:00 p.m., Deputy Paul Deshong went to the residence of one

5  Mr. Keats on a report of an  assault.  At  the time, Mr. Keats lived at 10477 Redwood Road, Loch

6  Lomond.  Mr. Keats described an argument he had  with Mr. Beckway at the Loch Lomond Market.

7  Deputy Deshong claims that while at Keats' residence he overheard a male leaving a message.  The

8  caller was on Keats' telephone yelling various threats to Keats and his friends.  Deputy Deshong also

9  claims that he was told by Keats that Beckway made it known to the neighborhood that he owned

10 guns.

11      Deputy Deshong reports that he left Keats' residence and went to the Loch Lomond Market

12 and contacted two witnesses: one said she saw plaintiff strike Keats, the other witness did not see the

13 strike.   Deputy Deshong requested Deputy Richard Ward to respond as a cover unit "given

14 Beckway's obvious intoxication level and state of mind when he left the message on Keats'

15 answering machine."

16      Deshong reports that an hour later he contacted Beckway through Beckway's screen door and

17 smelled a strong odor of alcohol.   He says  Beckway walked onto the deck.   Deshong states that

18 Beckway denied striking Keats and that he told Beckway that Beckway "was under arrest."

19 Beckway maintains that he was never told he was under arrest, that he spoke calmly and in a relaxed

20 fashion.   Deshong reports that he then  "attempted to take control of Beckway's right arm to place

21 him into custody,"  that Beckway spun around to gain physical advantage, and freed himself from

22 Deshong's "grasp" whereupon he lost his balance and fell to the deck.  Deshong claims that

23 Beckway fell forward and had his arms and hands under his torso.  Deshong then reports that he and

24 Deputy Ward took control of Beckway's arms and gained control of his hands by placing Beckway in

25 handcuffs.  Beckway maintains that the officers threw him down, face down, and that one of the

26 deputies grabbed onto his arms while he was down and the other proceeded to spread his legs and

27 drop his knees on top of the back of Beckway's legs.

28      Deshong reports that they assisted Beckway to his feet,  whereupon Beckway complained of

1   pain to his left leg.  Deshong says he contacted medical personnel who responded to the request.  An

2   ambulance took Beckway to the hospital.  While there, Deshong reports that he gave Beckway  a

3   "LCSO Form #38 [Detention only form] to Beckway as his treatment was going to be prolonged."

4   Deshong says Beckway read the form, understood it, but felt obligated not to sign it as he did not

5   have glasses to read the form.  Beckway maintains he was handcuffed in the hospital room, kept

6   under watch for two to three hours and during this time Deshong came into the room and apologized

7   as he gave him the "Detention only" form.

8        Beckway sustained a medial plateau fracture.  No arrest was made until months after

9   Beckway filed a government claim, which was months after the attack and detention.

10       **Defendants' Statement**:

11       On October 27, 2006, the Lake County Sheriff's Department was summoned by an individual

12   complaining of an altercation initiated by Brent Beckway. This individual complained that Beckway

13   struck him in the face causing injury to him. Witnesses to the altercation identified Beckway as the

14   aggressor. The complainant also played a telephone message recording from Beckway wherein

15   Beckway was exhibiting signs of intoxication and using threatening language against the

16   complainant.

17       On the basis of the complaint, witness statements and recording, officers of the Lake County

18   Sheriff's Department went to the home of Beckway and encountered Beckway there who was then

19   exhibiting signs of extreme intoxication, including combative behavior. Beckway was informed that

20   he was being placed under arrest at which time Beckway resisted, pulling and spinning away from

21   the officers.  Beckway fell to the ground. The officers were able to gain control of Beckway and

22   placed him under arrest. An audio recording of the officers' interaction with Beckway and the arrest

23   was made.

24       At that time, Beckway complained of pain to his left leg and medical personnel were

25   summoned to attend to him. Beckway was transported to a local hospital for treatment.

26       **3.  Legal Issues:**

27       Plaintiff's complaint alleges several causes of action.  The first cause of action for "42 U.S.C.

28   1983," alleges unreasonable and excessive use of force, deliberate indifference "to [plaintiff's]

1  constitutional rights," and <u>Monell</u> claims.  The second, third, fourth fifth and sixth causes of action

2  pertain to state claims for battery, false arrest and "illegal imprisonment," negligence, intentional

3  infliction of emotional distress and negligent infliction of emotional distress.

4       Defendants generally and specifically deny plaintiff's allegations.  Defendants contend that

5  probable cause existed and the arrest of plaintiff for a violation of the California Penal Code was

6  lawful.  Defendants contend that the force employed to effect plaintiff's arrest was objectively

7  reasonable.  Defendants contend that the detention of plaintiff was lawful and that, during the period

8  of his detention, defendants were not deliberately indifferent to any serious medical need of

9  plaintiff's.

10       **4.  <u>Motions:</u>**

11       No motions are currently pending.  Defendants anticipate filing an Fed.R.Civ.Pro. 12(c)

12  motion for judgment on the pleadings on the basis of California Government Code section 945.3

13  and/or alternatively a motion to stay this action on the basis of the <u>Younger</u> Abstention Doctrine.

14       **Defendant's Further Position:**  On February 12, 2008 defendants sent correspondence to

15  plaintiff with statutes and case law upon which defendants intend to file their motion, requesting a

16  conference for counsel to meet and confer.  Plaintiff's counsel did not respond to the letter.

17       Defendants anticipate filing a dispositive motion.

18       **5.  <u>Amendment of Pleadings:</u>**

19       Plaintiff filed an amendment to his complaint on February 1, 2008 naming Deputy Richard

20  Ward as a defendant in the action.

21       **6.  <u>Evidence Preservation:</u>**

22        Except as maintained in the ordinary course, the parties do not propose any particular

23  measures are required to preserve evidence relevant to issues reasonably evident in this action.

24       **7.  <u>Disclosures:</u>**

25       **Plaintiff's Position:**

26       The governmental defendants and plaintiff initially agreed to make a full and timely initial

27  disclosure of witnesses and documents as required by Fed.R.Civ.P. 26 no later than January 23,

28  2008; however, the governmental entities declined to produce any documents.  Defendant County of

Lake and County of Lake Sheriff served an initial disclosure January 23, 2008. Plaintiff has made no disclosure because it was awaiting resolution of the document issues and based upon the Court's statement that all discovery save document discovery should go forward. Plaintiff will produce a list of witnesses and medical records he possesses if the court intends that such discovery is permitted.

**Defendants Position**:

All parties agreed to make a full and timely initial disclosure of witnesses and documents as required by Fed. R. Civ. P. 26 no later than January 23, 2008. Defendants County of Lake, County of Lake Sheriff Department, and Sheriff Rodney Mitchell served an initial disclosure January 23, 2008.[2]   Plaintiff has made no disclosures.

**8. Discovery:**

Pursuant to this court's order at the January 28, 2008 status conference, the only discovery currently permitted is request for document production. Plaintiff has mailed its request for production to the County, but it has not been received as of this date.

Plaintiff has filed a motion in the criminal action (Superior Court in and for the County of Lake, Case No. CR913348) seeking disclosure of personnel records of defendants Ward and DeShong.

**9. Class Actions:**

Not applicable.

**10. Related Cases:**

 County of Lake, Case No. CR913348 - criminal complaint against plaintiff arising from his arrest, including charges for resisting arrest.

**11. Relief:**

Plaintiff seeks compensatory and punitive damages.

**12. Settlement and ADR:**

The parties stipulated to Early Neutral Evaluation. Notice of Appointment of Evaluator was

---

[2] Defendants have not produced the identified documents pending plaintiff's agreement to defendants' proposed stipulation for protective order. A proposed stipulation was sent to all parties on January 11, 2008. A follow-up request was sent February 12, 2008. Plaintiff has not responded.

1    given on February 7, 2008.

2        **13.  Consent to Magistrate Judge for All Purposes:**

3        The parties will consent to have a magistrate judge conduct all discovery matters.

4        **14.  Other References:**

5        The parties do not suggest that this case is suitable for any other reference.

6        **15.  Narrowing of Issues:**

7        The parties have not presently identified any issues that can be narrowed by agreement.

8        **16.  Expedited Schedule:**

9        Plaintiff believes this case should be tried within six to eight months.   Plaintiff's injuries

10   have prevented him from work and doing things for himself which has created a financial hardship.

11       **17.  Scheduling:**

12       **Plaintiff proposes the following cutoff dates**:

13       Expert witness disclosure and reports by August 25, 2008.

14       Non-expert discovery completed by September 15, 2008.

15       Expert discovery completed by October 1, 2008.

16       All motions, except for motions for continuances, temporary restraining orders or other

17   emergency applications, be filed by October 1, 2008.

18       Pre-trial conference October 15, 2008

19       Trial: November 1, 2008.

20       **In view of the pending criminal action, Defendants propose the following cutoff dates**:

21       Expert witness disclosure and reports by November 25, 2009

22       Non-expert discovery completed by September 15, 2009

23       Disclosure of experts and reports for experts intended solely for rebuttal on or before

24   December 9, 2009

25       Expert discovery completed by December 23, 2009

26       All motions, except for motions for continuances, temporary restraining orders or other

27   emergency applications, be filed by October 30, 2009

28       Pre-trial conference January 18, 2010

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. C-07-5072 TEH**

1    Trial: February 15, 2010

2        Mark Jones, defendants' trial counsel, has advised that he has a vacation scheduled in

3    October 2008.  Plaintiff is willing to accommodate Mr. Jones' vacation but is concerned about

4    delaying the matter.

5        **18: Trial:**

6        The parties request that this case be tried to a jury.  Plaintiff anticipates the length of trial to

7    be nine to twelve days.  Defendants anticipate the length of trial to be five to six days.

8        **19.  Disclosure of Non-Party Entities or Persons:**

9        Each party has filed certificates.

10        **20.  Other Matters:**

11        The parties submit that the information set forth above encompasses all of the matters which

12    may be conducive to the just, efficient and economical determination of the action.

13
     Date:    February 25, 2008            LAW OFFICES OF CHARLES F. BOURDON
14                                          LAW OFFICES OF BARON J. DREXEL

15

16                                          By:    /s/ Baron J. Drexel
                                                   Baron J. Drexel
17                                                 Attorney for Plaintiff

18    Date:    February 25, 2008            JONES & DYER

19

20                                          By:    /s/ Mark A. Jones
                                                   Mark A. Jones
                                                   Kristen Preston
21                                                 Attorneys for Defendants County of Lake,
                                                   County of Lake Sheriff's Department, and
22                                                 Sheriff Rodney Mitchell

23
     Date:    February 25, 2008            PORTER | SCOTT
24

25

26                                          By:    /s/ John R. Whitefleet
                                                   Terence J. Cassidy
                                                   John R. Whitefleet
27                                                 Attorneys for Defendant Paul Deshong

28

**JOINT CASE MANAGEMENT STATEMENT**
**CASE NO. C-07-5072 TEH**

H:\MA\cases\Beckway v. Lake County\Pleadings\Joint CMC Statement.wpd