MARK A. JONES, State Bar #96494
KRISTEN K. PRESTON, State Bar #125455
JONES & DYER
A Professional Corporation
1800 J Street
Sacramento, California 95811
Telephone: (916) 552-5959
Fax: (916) 442-5959

Attorneys for: Defendants County of Lake, County of Lake Sheriff's Department and Sheriff Rodney Mitchell

TERENCE J. CASSIDY,   State Bar #99180
JOHN R. WHITEFLEET, State Bar #213301
PORTER | SCOTT
350 University Avenue, Suite 200
Sacramento, California 95825
Telephone: (916) 929-1481
Fax: (916) 927-3706

Attorneys for: Defendant Deputy Paul DeShong

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRENT BECKWAY,<br><br>Plaintiff,<br><br>vs.<br><br>DEPUTY PAUL DESHONG, DOES 1 through 10, inclusive, SHERIFF RODNEY K. MITCHELL, COUNTY OF LAKE SHERIFF'S DEPARTMENT and COUNTY OF LAKE,<br><br>Defendants. | NO.  C 07 5072 TEH<br><br>**DEFENDANTS' CASE MANAGEMENT STATEMENT**<br><br>Date:     July 28, 2008<br>Time:     1:30 p.m.<br>Location: Courtroom 12, 19th Floor<br>Judge:    Hon. Thelton E. Henderson |

**Preliminary Statement:** A proposed Joint Case Management Statement was submitted to counsel for plaintiff on July 25, 2008.  No response was received to Defendants' proposed statement. Therefore, Defendants' submit this Case Management Statement:

**1.   Jurisdiction and Service**:

**Plaintiff's Position**:

Unknown.

**Defendants' Position:**

Criminal charges are currently pending against the plaintiff arising out of the arrest that forms

1  the basis of this civil action.  Defendants are informed and believe that the preliminary hearing was
2  continued and is currently set for August 15, 2008.  It is expected that trial in the criminal matter will
3  not occur until October or November 2008.  Defendants are informed that Beckway sought
4  production of the deputies' personnel files in connection with the criminal proceeding.  Beckway's
5  Pitchess motion was granted and, after in camera review, no documents were produced to Beckway.
6  Defendants are further informed that Beckway has obtained the audio and video recordings
7  documenting his arrest as well as the incident report in the course of discovery and disclosures in the
8  criminal action.
9          On the basis of the pendency of the criminal charges, defendants take the position that the
10 stay imposed by the Court is appropriately extended.   Defendants suggest that counsel for plaintiff
11 be charged with the obligation to notify the court at the conclusion of the criminal proceeding of the
12 outcome of that proceeding and that no further status conference is warranted in this case until that
13 notification occurs.
14         Plaintiff contends that Deputy Richard Ward has been served with the complaint.  No proof
15 of service has been filed with the court or provided to defendants and defendants are unaware of
16 whether service has been accomplished.
17     **2.   Facts**:.
18     **Defendants' Statement**:
19         On October 27, 2006, the Lake County Sheriff's Department was summoned by an individual
20 complaining of an altercation initiated by Brent Beckway. This individual complained that Beckway
21 struck him in the face causing injury to him. Witnesses to the altercation identified Beckway as the
22 aggressor. The complainant also played a telephone message recording from Beckway wherein
23 Beckway was exhibiting signs of intoxication and using threatening language against the
24 complainant.
25         On the basis of the complaint, witness statements and recording, officers of the Lake County
26 Sheriff's Department went to the home of Beckway and encountered Beckway there who was then
27 exhibiting signs of extreme intoxication, including combative behavior.  Beckway was informed that
28 he was being placed under arrest at which time Beckway resisted, pulling and spinning away from

1 the officers. Beckway fell to the ground. The officers were able to gain control of Beckway and

2 placed him under arrest. An audio recording of the officers' interaction with Beckway and the arrest

3 was made.

4      At that time, Beckway complained of pain to his left leg and medical personnel were

5 summoned to attend to him. Beckway was transported to a local hospital for treatment.

6     **3.   Legal Issues:**

7      Plaintiff's complaint alleges several causes of action. The first cause of action for "42 U.S.C.

8 1983," alleges unreasonable and excessive use of force, deliberate indifference "to [plaintiff's]

9 constitutional rights," and <u>Monell</u> claims. The second, third, fourth, fifth and sixth causes of action

10 pertain to state claims for battery, false arrest and "illegal imprisonment," negligence, intentional

11 infliction of emotional distress and negligent infliction of emotional distress.

12      Defendants generally and specifically deny plaintiff's allegations. Defendants contend that

13 probable cause existed and the arrest of plaintiff for a violation of the California Penal Code was

14 lawful. Defendants contend that the force employed to effect plaintiff's arrest was objectively

15 reasonable. Defendants contend that the detention of plaintiff was lawful and that, during the period

16 of his detention, defendants were not deliberately indifferent to any serious medical need of

17 plaintiff's.

18     **4.   Motions:**

19      No motions are currently pending.   Defendants anticipate filing a dispositive motion.

20     **5.   Amendment of Pleadings:**

21      Plaintiff filed an amendment to his complaint on February 1, 2008 naming Deputy Richard

22 Ward as a defendant in the action.

23     **6.   Evidence Preservation:**

24      Except as maintained in the ordinary course, the parties do not propose any particular

25 measures are required to preserve evidence relevant to issues reasonably evident in this action.

26     **7.   Disclosures:**

27 **Defendants Position**:

28 All parties agreed to make a full and timely initial disclosure of witnesses and documents as

1  required by Fed. R. Civ. P. 26 no later than January 23, 2008.  Defendants County of Lake, County
2  of Lake Sheriff Department, and Sheriff Rodney Mitchell served an initial disclosure January 23,
3  2008.[1]   Plaintiff has made no disclosures.

4  **8.  Discovery:**

5  The parties have not engaged in discovery in the civil matter in view of this Court's prior
6  order.

7  Pursuant to the Court's instruction, once Beckway's counsel received the documents from the
8  District Attorney in the criminal case, he was to file a letter brief with Judge Henderson indicating
9  what, if any, documents plaintiff's counsel believes they are entitled to that they have not received.
10 Defendants were then to file a responsive letter brief after which the Court would conduct a phone
11 conference to determine the next step in the case.  Beckway's counsel, to the knowledge of
12 defendants, have not filed this letter brief, thereby indicating satisfaction with the materials obtained
13 through discovery and disclosures in the criminal proceeding.

14 **9.  Class Actions:**
15 Not applicable.

16 **10. Related Cases:**
17 County of Lake, Case No. CR913348 - criminal complaint against plaintiff arising from his
18 arrest, including charges for resisting arrest.

19 **11. Relief**:
20 Plaintiff seeks compensatory and punitive damages.

21 **12. Settlement and ADR:**
22 The parties stipulated to Early Neutral Evaluation.  Notice of Appointment of Evaluator was
23 given on February 7, 2008.

24 **13. Consent to Magistrate Judge for All Purposes:**
25 The parties will consent to have a magistrate judge conduct all discovery matters.

26

27 _____
[1] Defendants have not produced the identified documents pending plaintiff's agreement to defendants'
28 proposed stipulation for protective order.  A proposed stipulation was sent to all parties on January 11, 2008.
A follow-up request was sent February 12, 2008.  Plaintiff has not responded.

**14. Other References:**

The parties do not suggest that this case is suitable for any other reference.

**15. Narrowing of Issues:**

The parties have not presently identified any issues that can be narrowed by agreement.

**16. Expedited Schedule:**

Plaintiff believes this case should be tried within six to eight months. Plaintiff's injuries have prevented him from work and doing things for himself which has created a financial hardship.

**17. Scheduling:**

**In view of the pending criminal action, Defendants propose the following cutoff dates:**

Expert witness disclosure and reports by November 25, 2009

Non-expert discovery completed by September 15, 2009

Disclosure of experts and reports for experts intended solely for rebuttal on or before December 9, 2009

Expert discovery completed by December 23, 2009

All motions, except for motions for continuances, temporary restraining orders or other emergency applications, be filed by October 30, 2009

Pre-trial conference January 18, 2010

Trial: February 15, 2010

**18: Trial:**

The parties request that this case be tried to a jury. Plaintiff anticipates the length of trial to be nine to twelve days. Defendants anticipate the length of trial to be five to six days.

**19. Disclosure of Non-Party Entities or Persons:**

Each party has filed certificates.

**20. Other Matters:**

The parties submit that the information set forth above encompasses all of the matters which may be conducive to the just, efficient and economical determination of the action.

///

///

| | | |
|---|---|---|
| 1 | Date: July 21, 2008 | JONES & DYER |
| 2 | | |
| 3 | | By: /s/ Mark A. Jones |
| | | Mark A. Jones |
| 4 | | Kristen Preston |
| | | Attorneys for Defendants County of Lake, County of Lake Sheriff's Department, and |
| 5 | | Sheriff Rodney Mitchell |
| 6 | | |
| 7 | Date: July 21, 2008 | PORTER | SCOTT |
| 8 | | |
| 9 | | By: /s/ John R. Whitefleet |
| | | Terence J. Cassidy |
| 10 | | John R. Whitefleet |
| | | Attorneys for Defendant Paul Deshong |

**DEFENDANTS' CASE MANAGEMENT STATEMENT**
**CASE NO. C-07-5072 TEH**

- 6 -