IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRENT BECKWAY,

               Plaintiff,

      v.

DEPUTY PAUL DESHONG, et al.,

               Defendants.

NO. C07-5072 TEH

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

This matter came before the Court on Plaintiff's motion for leave to file an amended complaint. After carefully considering the parties' written arguments, the Court finds oral argument to be unnecessary and VACATES the motion hearing scheduled for September 27, 2010. For the reasons set forth below, the Court DENIES Plaintiff's motion.

**BACKGROUND**

This lawsuit arises out of the October 27, 2006 arrest of Plaintiff Brent Beckway ("Beckway") by Defendants Richard Ward ("Ward") and Paul DeShong ("DeShong"), officers with the County of Lake Sheriff's Department ("Sheriff's Department"). Beckway contends that the officers seriously injured his left knee through excessive force, and he filed a civil complaint for damages on October 2, 2007. He now contends that his criminal prosecution was undertaken in retaliation for pursuing civil claims against the officers, a First Amendment activity. At issue is whether to allow Beckway to amend his original complaint to include a cause of action for retaliatory prosecution.

In the course of pursuing civil claims against Defendants, Beckway filed a notice of claim with the State of California on April 25, 2007. He also made numerous requests to the Sheriff's Department to obtain records relating to his October 27, 2006 arrest. On September 20, 2007, prosecutors charged Beckway with elder abuse, making criminal threats, and

resisting arrest. A warrant based upon these charges was issued, and Beckway was arrested the same day charges were filed. A state court judge found that probable cause supported Beckway's misdemeanor criminal threats charge at a preliminary hearing on May 18, 2009. Preston Decl. Ex. B, at 261-62. As to the other charges against Beckway, the judge noted that he "need not make any finding ... for the purposes of a prelim," yet concluded that "there was sufficient evidence heard during the course of the presentation to satisfy the court that they were appropriately charged." *Id.* at 262. On October 27, 2009, Beckway pleaded nolo contendere to the charge of resisting arrest.

The criminal prosecution against Beckway effectively stayed his civil case, and when it resumed, Defendants filed a motion for judgment on the pleadings. While preparing Beckway's opposition to Defendants' motion, Beckway's counsel realized he had "overlooked the legal theory of retaliatory prosecution." Bourdon Decl. ¶ 7. When he prepared the original complaint, he "believed the original cause of action for wrongful arrest would address the issue that the County wrongfully arrested plaintiff because plaintiff filed a government claim intending to prosecute a civil lawsuit for damages." *Id.* This Court entered an order granting in part and denying in part Defendants' motion for judgment on the pleadings on May 12, 2010. In that order, this Court held itself bound by the state court's May 18, 2009 findings of probable cause. Beckway filed a motion to amend the original complaint on August 19, 2010.

**LEGAL STANDARD**

After the time for amending a pleading as a matter of course has lapsed, a party "may amend" a complaint "only with the opposing party's written consent or the court's leave," which the court "should freely give . . . when justice so requires." Fed. R. Civ. Proc. 15(a)(2). The policy of "favoring amendments to pleadings should be applied with 'extreme liberality.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal citations omitted). Five factors are considered on motion for leave to amend: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5)

2

whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not all equal: prejudice is the "touchstone of the inquiry under rule 15(a)" and therefore "carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The burden of showing prejudice is borne by the party opposing amendment. *DCD Programs*, 833 F.2d at 187. "Futility alone can justify the denial of a motion for leave to amend." *Nunes*, 375 F.3d at 808. A proposed amendment is futile where no set of facts could be alleged or proved to support the claim. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Klarfeld v. United States*, 944 F.2d 583, 586 (9th Cir. 1991), *reh'g denied*, 962 F.2d 866 (1992). "[D]elay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs*, 833 F.2d at 186. However, late amendments to assert new theories are not reviewed favorably where a party gives "no satisfactory explanation for his failure to fully develop his contentions originally." *Stein v. United Artists Corp.*, 691 F.2d 885, 898 (9th Cir. 1982); *see also Acri v. Int'l Ass'n of Machinists*, 781 F.2d 1393, 1398 (9th Cir. 1986).

**DISCUSSION**

Beckway seeks leave to amend his original complaint to assert a new claim for retaliatory prosecution that "escaped the awareness of plaintiff's counsel at the time of original filing." Pl.'s Mot. 6:25. Beckway has not previously amended the complaint, and his counsel represents that the proposed amendments are not made in bad faith and do not prejudice Defendants, positions Defendants do not dispute. The Court's inquiry therefore focuses on the remaining two factors–futility and undue delay–which Defendants argue require the Court to deny Beckway's motion.

Defendants contend that the proposed amendments would be futile. The facts and theories contained in the proposed amendments support a retaliatory prosecution claim, wherein Beckway alleges that Defendants induced his prosecution in retaliation for pursuing

civil claims against Defendants.[1] To state a claim of retaliation for the exercise of a First Amendment right, Beckway must prove (1) that Defendants "took action that would chill or silence a person of ordinary firmness from future First Amendment activities;" and (2) Defendants' "desire to cause the chilling effect was a but-for cause" of Defendants' action. *Skoog v. County of Clackamas*, 469 F.3d 1221, 1231-32 (9th Cir. 2006) (internal quotations omitted). When the claimed retaliation is a criminal prosecution, Plaintiff establishes causation only if he pleads and proves an absence of probable cause on the part of prosecutors. *Hartman v. Moore*, 547 U.S. 250, 265-66 (2006); *Skoog*, 469 F.3d at 1234. The Supreme Court added lack of probable cause as an element of retaliatory prosecution because of the complex chain of causation involved in these cases. *Hartman*, 547 U.S. at 263-64. Not only must Beckway show that Defendants acted in retaliation, he "must also show that [they] induced the prosecutor to bring charges that would not have been initiated without [their] urging." *Id.* at 262. To connect the prosecutor's action with that of Defendants', Beckway must plead and prove that the prosecutor acted without probable cause. *Id.* at 263.

In his proposed amendments, Beckway does not plead an absence of probable cause. Yet his amendments would be futile even if he had done so. In this Court's May 12, 2010 order granting in part and denying in part Defendants' motion for judgment on the pleadings, it held itself bound by the state superior court's May 18, 2009 findings of probable cause following the preliminary hearing for Beckway's criminal prosecution. This holding makes it impossible for Beckway to prove an absence of probable cause with respect to his criminal prosecution. His proposed amendments are therefore futile.

To stave off denial of his motion to amend, Beckway argues that the state court's finding of probable cause is merely a *prima facie* showing that can be rebutted by demonstrating fraud, corruption, perjury, fabricated evidence, or other wrongful and bad-faith conduct. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004).

---

[1] Beckway refers to his proposed cause of action as both "retaliatory arrest" and "retaliatory prosecution." The Ninth Circuit analyzes these claims in the same way, at least where the arrest resulted from the filing of criminal charges. *See Beck v. City of Upland*, 527 F.3d 853 (9th Cir. 2008). Thus insofar as Beckway challenges his September 20, 2007 arrest, the Court analyzes it as part of the allegedly retaliatory prosecution initiated the same day.

4

However, the authority he cites, *Awabdy v. City of Adelanto*, involves a malicious prosecution claim rather than a First Amendment claim. Beckway proffers no authority suggesting that malicious prosecution and First Amendment claims are analyzed under the same standard, and the court in *Awabdy* noted that the two claims "require independent consideration." *Id.* at 1066. Furthermore, *Awabdy* does not overcome this Court's holding that probable cause was conclusively established with respect to Beckway's criminal prosecution. Thus Beckway could not prove an absence of probable cause even if he had pleaded it, and his amendments are futile.

While futility justifies the denial of Plaintiff's motion, Beckway's delay in seeking leave to amend the original complaint provides an additional basis. Three years have passed since Beckway filed the original complaint, and the facts he cites in support of his amendments were known all along. The explanation for his failure to assert this claim three years ago is lack of diligence–counsel "overlooked" the retaliatory prosecution theory he now seeks to assert. Bourdon Decl. ¶ 7. This is not a satisfactory explanation. *See Stein*, 691 F.2d at 898. Furthermore, Beckway's counsel contends he discovered this theory while preparing arguments opposing Defendants' motion for judgment on the pleadings. That motion culminated in an order on May 12, 2010, indicating that Beckway's counsel waited at least three months before asserting the new theory on August 19, 2010.

Given that the facts and theories at issue in Beckway's proposed amendments were known or knowable since the case was filed three years ago, the proposed amendment is unduly delayed. It is also futile, and Beckway's motion for leave to file an amended complaint is DENIED.

//
//
//
//
//
//

5

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion to amend the complaint is DENIED. The September 27, 2010 hearing is hereby VACATED.

**IT IS SO ORDERED.**

Dated: 9/22/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT