IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRENT BECKWAY,

            Plaintiff,

    v.

DEPUTY PAUL DESHONG, et al.,

            Defendants.

NO. C07-5072 TEH

ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR SUMMARY JUDGMENT

      This matter came before the Court on April 4, 2011, on motions for summary judgment filed by Defendant Deputy Paul DeShong ("DeShong") and Defendants Deputy Richard Ward ("Ward"), Sheriff Rodney Mitchell ("Mitchell"), the County of Lake, and the County of Lake Sheriff's Department (collectively, "Defendants"). For the reasons set forth below, Defendants' motions are GRANTED IN PART and DENIED IN PART.

## BACKGROUND

      This lawsuit arises from the October 27, 2006 arrest of Plaintiff Brent Beckway ("Beckway" or "Plaintiff") by defendants Ward and DeShong, deputies with the County of Lake Sheriff's Department.[1] Ward and DeShong went to Beckway's home to investigate a report of an altercation between Beckway and Beckway's neighbor, Harold Keats ("Keats"). The parties dispute the events of that evening. Beckway contends that he was talking to the officers on his porch when one of the officers said that a witness had seen Beckway hit Keats, and that the officers were going to have to place Beckway under arrest. Beckway asked, "Why is that?" As soon as he uttered the words, Beckway says he was thrown down,

---

[1] Defendants submitted objections to some of Beckway's evidence along with a motion to strike this evidence from the record. The Court does not rely upon the challenged evidence in deciding these motions, and it therefore does not rule on the objections or the motion to strike.

face first with his arms pinned under his body. Beckway claims that he never resisted the officers. While on the ground, he says he felt a heavy blow to the back of his left leg. Beckway's left leg sustained an injury that later required surgery. Beckway Depo. 93-94. He now has steel screws in his leg. *Id.* at 94:8.

Defendants offer evidence that Beckway did resist them when they attempted to arrest him for assault. DeShong says that when he moved to take hold of one of Beckway's arms, Beckway pulled away and turned slightly. DeShong says that he turned with Beckway, and both men lost their balance, falling to the porch floor. DeShong denies using any force against Beckway – he didn't push Beckway to the ground, he says, and he did not kick Beckway after he had fallen. DeShong fell on top of Beckway after Beckway lost his balance, according to the officer. When Beckway was helped to his feet, he complained of pain in his leg.

On October 27, 2009, Beckway pleaded nolo contendere, or no contest, to a charge of resisting an officer's lawful conduct under Cal. Pen. Code section 148(a)(1). Beckway brought this lawsuit on October 2, 2007, alleging excessive use of force and false arrest under 42 U.S.C. section 1983, as well as state law claims for battery, negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress.[2] He alleges that Ward and DeShong applied excessive force and seriously injured his left knee. Defendants moved for summary judgment on February 4, 2011, and February 7, 2011. In his opposition papers, Beckway failed to cite evidence in the record. On March 8, 2011, the Court granted Beckway additional time to point to evidence in the record in opposition to Defendants' motions. Beckway responded on March 15, 2011, and the Court finds that the document he filed complies with the Court's March 8, 2011 order.[3]

---

[2] The Court dismissed Beckway's false arrest claim in an order dated May 12, 2010.

[3] Beckway also filed a "Notice of Additional Authority" on March 4, 2011. The document lists several cases, none of which appear to affect the Court's analysis. Because these cases were not cited in Beckway's opposition brief or his supplemental brief, see *Collins v. City of San Diego*, 841 F.2d 337, 339 (9th Cir. 1988), the Court will not consider them.

2

**LEGAL STANDARD**

Summary judgment is appropriate when there is no genuine dispute as to material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* The Court may not weigh the evidence and must view the evidence in the light most favorable to the nonmoving party. *Id.* at 255.  The Court's inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

A party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). However, on an issue for which its opponents will have the burden of proof at trial, the moving party can prevail merely by "pointing out ... that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party meets its initial burden, the opposing party must "set out specific facts showing a genuine issue for trial" to defeat the motion. Fed. R. Civ. P. 56(e)(2); *Anderson*, 477 U.S. at 256.

**DISCUSSION**

Defendants move for summary judgment on Beckway's excessive force claim under 42 U.S.C. section 1983 ("section 1983"), arguing that success on that claim would necessarily imply the invalidity of Beckway's conviction under California Penal Code section 148(a)(1), and this claim is therefore barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). On the same ground, Defendants move for summary judgment on Beckway's state

3

law claims for battery, negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress.

DeShong also argues that summary judgment should be granted as to Beckway's section 1983 claim for excessive force because no jury could find that the force he used was unreasonable. Mitchell, the County of Lake, and the County of Lake Sheriff's Department also move for summary judgment on this claim.

**I. Whether Beckway's Section 1983 Claim Is Barred by *Heck v. Humphrey***

In *Heck v. Humphrey*, the Supreme Court held that a plaintiff cannot bring a section 1983 action that calls into question the lawfulness of a criminal conviction. This Court has twice issued orders finding that Beckway's claims are not barred by *Heck*. Several of the parties' arguments re-hash those already considered by this Court. The only new question before the Court is whether, in light of the evidence, Beckway's section 1983 claim necessarily calls into question the lawfulness of Beckway's conviction for resisting arrest under California Penal Code section 148(a)(1) ("section 148(a)(1)").

Defendants cite *Hooper v. County of San Diego*, 629 F.3d 1127 (9th Cir. 2011), in support of their argument that Beckway's section 1983 claim is barred by *Heck*. In *Hooper*, the Ninth Circuit held that the viability of a plaintiff's section 1983 excessive force claim does not depend upon the timing of a plaintiff's resistance relative to her arrest. 629 F.3d at 1131-32. In other words, challenging an officer's use of force during or after an arrest does not necessarily imply that all of the actions taken by the officer to effectuate that arrest were unlawful. If it did, that challenge would be incompatible with a section 148(a)(1) conviction, which makes it illegal for a defendant to have "'resist[ed], delay[ed], or obstruct[ed]' a police officer in the lawful exercise of his or her duties." *Id.* at 1130 (citing Cal. Pen. Code § 148(a)(1)) (alteration in *Hooper*). The *Hooper* panel held that

> [i]t is sufficient for a valid conviction under § 148(a)(1) that at some time during a "continuous transaction" an individual resisted, delayed, or obstructed an officer when the officer was acting lawfully. It does not matter that the officer might also, at

4

>some other time during that same "continuous transaction," have acted unlawfully.

*Id.* at 1132.

The plaintiff in *Hooper* pled guilty to resisting a peace officer under section 148(a)(1) after struggling against officers attempting to arrest her for possession of methamphetamine. 629 F.3d at 1129. Once the plaintiff was on the ground and had her hands behind her back, she stopped struggling. *Id.* Thereafter, one of the arresting officers summoned his German Shepherd, and the dog attacked the plaintiff's head. *Id.* The Ninth Circuit held that the plaintiff in *Hooper* had a viable section 1983 claim even though the alleged excessive force took place at the time of her arrest. *Id.* at 1134.

Defendants argue that the reasoning in *Hooper* requires the Court to find that Beckway's section 1983 claim is barred by *Heck*. The Court disagrees. Beckway contends that the officers threw him down, face first, on his arms. Once he was on the ground, he says that one of the officers stomped on the back of his leg. Just as the court in *Hooper* found that it was possible for the plaintiff to challenge the dog attack as unreasonable in light of her resistance, here it is possible for Beckway to challenge the force used against him as beyond what was reasonable under the circumstances. DeShong would read into *Hooper* a temporal analysis, arguing that the plaintiff's resistance in *Hooper* amounted to "a series of transactions which could have justified the plaintiff's conviction" for resisting arrest. DeShong Mot. At 7:20-21. However, *Hooper* specifically characterized the plaintiff's resistance as "one continuous transaction." *Hooper*, 629 F.3d at 1133. DeShong's attempt to distinguish *Hooper* on the grounds that it involved a series of transactions is therefore unavailing.

Defendants also argue that because Beckway contends that he never resisted the officers, his section 1983 claim is barred by *Heck*. They cite language in *Hooper* stating that "to 'the extent that [a plaintiff's section 1983 claim] alleges that he offered no resistance, that he posed no reasonable threat of obstruction to the officers, and that the officers had no justification to employ *any* force against him at the time he was shot," the claim is barred by

5

*Heck*.[4] *Hooper*, 629 F.3d at 1132 (citing *Yount v. City of Sacramento*, 43 Cal. 4th 885, 898, 76 Cal. Rptr. 3d 787, 183 P.3d 471) (emphasis in *Hooper*). The *Hooper* court pointed out that the plaintiff there did "not dispute the lawfulness or her arrest, nor [did] she dispute that she was arrested." *Id.* at 1129. Here Beckway does aver, both in the General Allegations section of the Complaint and in sworn testimony, that he offered no resistance to the deputies, and that the deputies were not justified in their use of force against him. However, Defendants ignore the fact that these allegations would not necessarily be proven if Beckway were to prevail in his section 1983 claim for excessive force. What would necessarily be proven if Beckway were to prevail in his section 1983 claim is that "some of the officer's conduct was unlawful" relative to the resistance proven in Beckway's section 148(a)(1) conviction. *Id.* at 1131. A court has already found that Beckway resisted the officers.[5] Beckway's statements to the contrary fail to challenge that finding, and do not necessarily form the basis for his section 1983 claim. Beckway's section 1983 claim rests upon whether, in light of the facts established by his conviction, the officers used excessive force against him. Defendants have failed to cite any authority that would conclusively establish that a kick to the back of the leg of a person face down on the ground does not, as a matter of law, amount to excessive force. Nor do they cite authority establishing that such force, if used, was reasonable in light of Beckway's resistance. Beckway's conviction establishes that some aspect of the officers' response to Beckway's resistance was reasonable and lawful, but as the Court in *Hooper* explained, an officer's conduct can become unlawful during the "same 'continuous transaction.'" *Hooper*, 629 F.3d at 1132. The officers were authorized to use reasonable

---

[4] Defendants also generally invoke *Smith v. City of Hemet*, 394 F.3d 689 (9th Cir. 2005), in support of the rule that a Defendant must identify the resistance that forms the basis for a resisting arrest conviction in order to proceed with a section 1983 claim for excessive force. Defendants provide no citation to *Smith* that would support such a rule, and even if *Smith* did support such a rule, that rule does not appear to survive the determination in *Hooper* that *Smith* was based upon an incorrect understanding of section 148(a)(1). *See Hooper*, 629 F.3d at 1131-32.

[5] These motions do not present evidence establishing the amount of resistance proven by Beckway's section 148(a)(1) conviction. Because Beckway's section 1983 claim cannot rest upon allegations that Beckway offered no resistance, the jury will have to be instructed as to what has been proven regarding Beckway's resistance to Ward and DeShong.

6

1  force, but the question here is whether some of the force they used was unreasonable. A
2  reasonable jury could conclude that the force used against Beckway was unreasonable in
3  light of the resistance that forms the basis for Beckway's section 148(a)(1) conviction.
4  Therefore, Defendants' motions for summary judgment as to Beckway's section 1983 claim
5  are DENIED.

## II. Whether Beckway's State Claims Are Also Barred by Beckway's Conviction

Defendants argue that Beckway's second claim for battery, fourth claim for negligence, fifth claim for intentional infliction of emotional distress, and sixth claim for negligent infliction of emotional distress are barred by *Yount*. In *Yount*, the California Supreme Court held that the rule of *Heck* bars state claims that necessarily call into question the lawfulness of a plaintiff's conviction. *Yount*, 43 Cal. 4th at 902.

A battery claim was at issue in *Yount*. The court noted that the plaintiff's common law battery claim, like his section 1983 claim, required proof that the officer used unreasonable force. *Id.* DeShong, against whom Beckway's battery claim is pleaded, argues that because Beckway has stated that he never resisted, his battery claim is directly inconsistent with his criminal conviction. DeShong ignores the fact that Beckway's battery claim acknowledges that DeShong and Ward were "arrest[ing], detain[ing] and/or *overcom[ing] resistance* of plaintiff when they grabbed plaintiff Beckway, forced him to the ground and jumped on the back of plaintiff's legs." Complaint ¶ 50. Thus by the terms of the battery claim, Beckway appears to concede some resistance. Even if he had not, however, the question here is whether, in light of the resistance proven by Beckway's criminal conviction, a portion of the force used by Defendants was unreasonable. Beckway's subjective belief that he did not resist the officers would not necessarily be proven if he were to prevail in his battery claim. Therefore, DeShong's motion for summary judgment with respect to Plaintiff's battery claim is DENIED.

Defendants rely upon the same argument – that Beckway denies resisting the officers and thus *Heck* should bar his claims – in challenging Beckway's negligence, intentional

7

infliction of emotional distress, and negligent infliction of emotional distress claims. Because Defendants have not shown that these claims are inconsistent with the facts proven in Beckway's criminal conviction, Defendants' motions for summary judgment as to these claims are also DENIED.

**III. Whether a Jury Could Find that the Force Used Was Unreasonable**

DeShong argues that he is entitled to summary judgment because no jury could find that the force he used against Beckway was unreasonable under the circumstances. The Court disagrees.

The Fourth Amendment "guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person." *Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 396.

> To do so, a court must pay "careful attention to the facts and circumstances of each particular case, including [1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* We also consider, under the totality of the circumstances, the "quantum of force" used, *Davis v. City of Las Vegas*, 478 F.3d 1048, 1055 (9th Cir. 2007), the availability of less severe alternatives, *id.* at 1054, and the suspect's mental and emotional state, see *Deorle v. Rutherford*, 272 F.3d 1272, 1282 (9th Cir. 2001). All determinations of unreasonable force, however, "must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-97.

*Hayes v. Cnty. of San Diego*, --- F.3d ---- , 2011 WL 982472, at *7 (9th Cir. Mar. 22, 2011).

DeShong argues that his own statements that he used no force against Beckway foreclose Beckway's excessive force claim. He points to his deposition testimony in which he states that he was not acting upon Beckway when Beckway fell, but that Beckway lost his balance. He denies kicking Beckway in the leg.

8

Beckway tells a different story in his deposition. He says he "was thrown down" to the ground. Beckway Depo. 74:4. At his deposition, Beckway could not remember if one officer or two threw him to the porch, but this does not negate Beckway's allegation that one of them threw him. Furthermore, the fact that Beckway did not describe in detail the way in which he was thrown, or the way in which he landed, does not discount the fact that Beckway's account raises a triable question of fact for the jury. Beckway states that someone pushed him; DeShong that Beckway fell under his own weight. When viewed in the light most favorable to Beckway, Beckway's account raises an inference that he did not fall, but that he was pushed. It also raises a triable issue of fact as to whether DeShong was the one who pushed him.

While on the ground, Beckway says he "felt a heavy blow to the back of [his] leg." *Id.* at 75:15-16. He later characterized the blow as a "stomp." *Id.* at 81:21. This raises a triable issue of fact as to whether he did receive such a blow, and whether DeShong delivered it. DeShong seems to argue that his testimony that he never applied force to Beckway forecloses the question of whether Beckway was stomped. DeShong would have the Court evaluate the probative value of Beckway's statement in light of his own, but the Court's inquiry on summary judgment is limited to whether Beckway has offered enough evidence of excessive force to raise a triable issue of fact for the jury at trial. He has done so.[6] Accordingly, DeShong's motion for summary judgment as to Beckway's excessive force claim is DENIED.

**IV. Beckway's Section 1983 Claim Against the County of Lake Sheriff's Department**

Defendants argue that the County of Lake Sheriff's Department is not a proper defendant in a section 1983 claim. Section 1983 imposes liability on "[e]very person" who acts under the color of law to deprive another person of rights, privileges, or immunities

---

[6] Beckway cites to other portions of the record, but his account of the events of his arrest are sufficient to withstand the motion for summary judgment.

9

secured by the Constitution and laws. 42 U.S.C. § 1983. Defendants argue that the County of Lake Sheriff's Department is not a "person" under the statute, and therefore cannot be liable. "The term 'persons' encompasses state and local officials sued in their individual capacities, private individuals and entities which acted under color of state law, and local governmental entities. *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996). "However, the term 'persons' does not encompass municipal departments." *Id.* at 996. Having been presented with no argument or authority from Beckway challenging the rule that municipal departments are not proper defendants in section 1983 cases, the Court finds no reason to disagree with the district court in *Vance*. Defendants' motion for summary judgment as to Beckway's section 1983 claim against the County of Lake Sheriff's Department is therefore GRANTED.

**V. Beckway's Section 1983 Claims Against the County of Lake and Sheriff Mitchell**

Based upon Plaintiff's representations to the Court that discovery is not complete regarding the alleged conduct of the County of Lake and Sheriff Mitchell, the Court finds that Defendants' summary judgment motions with respect to these issues are premature. Even so, this case is progressing far too slowly. Accordingly, all discovery, except for depositions of expert witnesses, shall be completed no later than sixty (60) days from the date of this order. Unless otherwise ordered by the Court, all discovery matters are hereby referred for assignment to a magistrate judge. Please call the Courtroom Deputy at (415) 522-2047 to obtain a random assignment to a specific Magistrate Judge before filing any papers relating to discovery.

If for any legitimate reason a party is unable to finish discovery by the deadline, that party must include in its motion to extend the discovery cutoff a detailed explanation of the actions it took, starting today, to complete discovery. If the Court finds that any party did not immediately undertake efforts to complete discovery, the discovery sought by that party will be waived.

10

**CONCLUSION**

For the reasons set forth above, Defendants' motions for summary judgment are GRANTED IN PART and DENIED IN PART. Summary judgment is GRANTED as to Beckway's section 1983 claim against the County of Lake Sheriff's Department. Summary judgment is DENIED as to Beckway's state law claims and his section 1983 claim against the County of Lake, Sheriff Mitchell, and Deputies DeShong and Ward.

**IT IS SO ORDERED.**

Dated: 4/7/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT