1 | **CHARLES F. BOURDON, State Bar #84782**
**Law Offices of Charles F. Bourdon**
2 | **179 - 11th Street, 2nd Floor**
**San Francisco, CA 94103**
3 | **415-864-5100**
**415-865-0376 (fax**)
4 |
**BARON J. DREXEL, State Bar #132529**
5 | **Law Offices of Baron J. Drexel**
**212 Ninth Street, Suite 401**
6 | **Oakland, CA 94607**
**510-444-3184 (phone)**
7 | **510-444-3181 (fax)**

8 | Attorneys for Plaintiff

9 | **MARK A. JONES, State Bar #96494**
**KRISTEN K. PRESTON, State Bar #125455**
10 | **JONES & DYER**
**A Professional Corporation**
11 | **1800 J Street**
**Sacramento, California 95811**
12 | **Telephone: (916) 552-5959**
**Fax: (916) 442-5959**
13 |
Attorneys for: Defendants County of Lake, County of Lake Sheriff's Department,
14 | Sheriff Rodney Mitchell and Deputy Richard Ward

15 |
**TERENCE J. CASSIDY, State Bar #99180**
16 | **JOHN R. WHITEFLEET, State Bar #213301**
**PORTER | SCOTT**
17 | **350 University Avenue, Suite 200**
**Sacramento, California 95825**
18 | **Telephone: (916) 929-1481**
**Fax: (916) 927-3706**
19 |
Attorneys for: Defendant Deputy Paul DeShong
20 |
UNITED STATES DISTRICT COURT
21 |
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION
22 |

23 | BRENT BECKWAY,                                   ) NO. C 07 5072 TEH (EDL)
                          Plaintiff ,                )
24 | vs.                                              ) **STIPULATION AND PROTECTIVE**
                                                     ) **ORDER**
25 | DEPUTY PAUL DESHONG, DOES 1 through 10,          )
     inclusive, SHERIFF RODNEY K. MITCHELL,          )
26 | COUNTY OF LAKE SHERIFF'S DEPARTMENT              )
     and COUNTY OF LAKE,                             )
27 |                                                  )
                          Defendants.                 )
28 | _____          )

**CASE NO. C-07-5072 TEH**

It is hereby stipulated by and between all the parties to this action by and through their respective attorneys of record, that in order to protect the confidentiality of the records described below, any of said records disclosed pursuant to court order following the court's in camera review are subject to a protective order (and designated as "Confidential Material") as follows:

1. The following records are designated as "Confidential Material":

    a. County of Lake employment records of Richard Ward and/or Paul DeShong to the extent such records are ordered by the court to be produced after completion of the court's in camera review of the records submitted by Defendant County of Lake.

2. Confidential Material shall be used solely in connection with this litigation, the preparation of trial, and trial in this case, subject to the rules of admissibility, or any related appellate proceedings, and not for any other purpose, including any other litigation.

3. Confidential Material may not be disclosed except as set forth in paragraphs 4 and 5.

4. Confidential Material may be disclosed only to the following persons:

    a. Counsel for any party to this action.

    b. Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in 4(a);

    c. Court personnel including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;

    d. Any outside expert or consultant retained in connection with this action, and not otherwise employed by either party;

    e. Any "in house" expert designated by Defendants to testify at trial in this matter;

    f. Persons shown on the face of the document to have authored or received it;

    g. Any Neutral Evaluator or other designated ADR provider;

    h. Such other persons as the parties may mutually agree;

///

///

i. Witnesses who may have the document disclosed to them during deposition proceedings; the witness may not leave the deposition with copies of the documents, and shall be bound by the provisions of paragraph 5; and

j. Investigators for any party to this action.

Nothing in this paragraph 4 is intended to prevent officials or employees of the County of Lake, or other authorized government officials from having access to the documents if they would have had access in the normal course of their job duties. Further, nothing in this order prevents a witness from disclosing event or activities personal to them, i.e., a witness can disclose to others previous information given to the County of Lake with respect to what she/he saw, heard, or otherwise sensed.

5. Each person to whom disclosure is made, with the exception of counsel who are presumed to know of the contents of this protective order, shall, prior to disclosure: (1) be provided with a copy of this order by the person furnishing him/her such material, and (2) agree on the record or in writing by signing the "Acknowledgment and Agreement To Be Bound" (Exhibit "A") that she/he has read the protective order and that she/he understands the provisions of the protective order. Such person must also consent to be subject to the jurisdiction of the United States District Court, Northern District, with respect to any proceeding relating to the enforcement of this order. Defendant County of Lake shall be entitled to retain possession of the original writings described above.

6. Filing Protected Material. Without written permission from all parties or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Material. A Party that seeks to file under seal any Confidential Material must comply with Civil Local Rule 79-5. Confidential Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Confidential Material at issue is privileged or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless

otherwise instructed by the court.

7. At the conclusion of the trial and of any appeal or upon other termination of this litigation, all Confidential Material received under the provisions of this order (including any copies made) shall be delivered back to the County of Lake. Provisions of this order insofar as they restrict disclosure and use of the material shall be in effect until all Confidential Material (including all copies thereof) are returned to Defendants.

8. Any document filed with the Court that reveals Confidential Material shall be filed under seal, labeled with a cover sheet as follows: "Brent Beckway v. Deputy Paul DeShong, et al., United States District Court, Northern District, Case No. C-07-5072 TEH. This document is subject to a protective order issued by the Court and may not be copied or examined except in compliance with that order." Documents so labeled shall be kept by the Clerk under seal and shall be made available only to the Court or counsel. Upon failure of the party to so file a document under seal, the producing party may request that the Court place the filing under seal.

9. Nothing in this order shall preclude a party from showing or disclosing any documents, e.g., deposition transcripts, pleadings or briefs, which otherwise contain Confidential Material as defined in paragraph 1, as long as such document has been redacted so as to prevent disclosure of such Confidential Material.

10. The foregoing is without prejudice to the right of any party (a) to apply to the Court for a further protective order relating to any other Confidential Material or relating to discovery in this litigation; (b) to apply to the Court for an order removing the Confidential Material designation from any document; and (c) to apply to the Court for an order compelling production of documents or modification of this order or for any order permitting designation of addition materials as "Confidential Materials" or disclosure of Confidential Materials beyond the terms of this order.

Dated: 8-30-11     LAW OFFICES OF BARON J. DREXEL
LAW OFFICES OF CHARLES F. BOURDON

By: ____/s/ Baron J. Drexel_____
BARON J. DREXEL
CHARLES F. BOURDON
Attorneys for Plaintiff

**CASE NO. C-07-5072 TEH**

Dated: 8-30-11

JONES & DYER

By: /s/ Mark A. Jones
    MARK A. JONES
    KRISTEN K. PRESTON
    Attorneys for Defendants County of Lake,
    County of Lake Sheriff's Department, Sheriff
    Rodney Mitchell and Deputy Richard Ward

Dated: 8-30-11

PORTER | SCOTT

By: /s/ John R. Whitefleet
    TERENCE J. CASSIDY
    JOHN R. WHITEFLEET
    Attorneys for Defendant Paul Deshong

**ORDER**

The Court having considered the foregoing stipulation of the parties, and good cause appearing, the Court hereby orders that any and all employment records of Richard Ward and/or Paul DeShong ordered produced to the plaintiff by the County of Lake upon completion of the court's in camera review of such records be subject to a protective order fully incorporating the provisions set forth above. Any party that seeks to file under seal any Confidential Material must comply with Local Rule 79-5.

Pursuant to stipulation, it is so ordered.

Dated: August 31, 2011

    HON. ELIZABETH D. LAPORTE
    United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of <u>Beckway v. DeShong, et al.</u> , Case No. C 07 5072 TEH (EDL).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even such enforcement proceedings occur after termination of this action.

I hereby appoint _____[print or type full name] of _____[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed Name:_____
         [printed name]

Signature:_____
         [signature]