UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRENT BECKWAY,

        Plaintiff,

        v.

DEPUTY PAUL DESHONG,

        Defendant.

_____/

No.   C07-05072-TEH (EDL)

**ORDER FOLLOWING IN CAMERA REVIEW**

**<u>Introduction</u>**

     In this case brought by Plaintiff Brent Beckway against the County of Lake and its Sheriff's Department, Sheriff Rodney Mitchell and Deputies Richard Ward and Paul DeShong based on an alleged use of excessive force in connection with his arrest, Plaintiff filed a motion to compel various discovery responses from the County and Sheriff Mitchell.  Following a hearing on August 23, 2011, the Court granted in part and denied in part Plaintiff's motion to compel and agreed to review the following categories of documents in camera to determine whether they should be produced under the protective order entered by this Court on September 1:

•    Records relating to the hiring, discipline, training, and termination of DeShong;

•    Records of DeShong regarding Field Training Officer Program, limited to those document(s) reflecting completion of the program;

•    Any citizen complaints made against Ward and any citizen complaints made against DeShong commencing five years prior to the subject incident that occurred on October 27, 2006;

•    Records of discipline imposed on Ward as a result of the citizen complaints referenced above and/or the incident involving Beckway; and

•    Records regarding the termination of DeShong by the Lake County Sheriff's Department.

Having reviewed the documents in camera, the Court hereby Orders that some of the documents, as specified below, be produced, subject to the stipulated protective order and after redacting all personal information such as home addresses and telephone numbers, social security numbers, and other information relating to individuals unrelated to this lawsuit. However, the Court finds the remaining documents, as specified below, to be irrelevant to the issues raised by Plaintiff's lawsuit, or privileged or otherwise protected, and therefore need not be produced.

**Background**

This excessive force lawsuit arises from the October 27, 2006 arrest of Plaintiff Brent Beckway by defendants Ward and DeShong, deputies of the County of Lake Sheriff's Department. Ward and DeShong went to Beckway's home to investigate a report of an altercation between Beckway and his neighbor. The parties dispute the events of that evening. Beckway contends that when he asked why he was being arrested, he was thrown down and received a heavy blow to the back of his left leg that later required surgery. Defendants contend that Plaintiff resist them when they attempted to arrest him for assault, and in a struggle with DeShong, both men lost their balance and fell to the ground. DeShong denies using any force. He was subsequently terminated from the Sheriff's Department at a later date for behavior unbecoming an officer, insubordination and being under the influence on duty. He denies that his termination was related to the incident involving Plaintiff. Whitefleet Decl. Ex. A (Deshong Depo.) at 134-35.

Beckway brought this lawsuit on October 2, 2007, alleging excessive use of force and false arrest under 42 U.S.C. section 1983 (including <u>Monell</u> allegations against the County), as well as state law claims for battery, negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress. The case was stayed during Beckway's criminal proceedings, where he ultimately pled no contest to a charge of resisting an officer's lawful conduct. The false arrest claim has been dismissed from this case.

**Discovery Background**

On February 25, 2008, Plaintiff served requests for production on the County seeking, among other things, "The complete personnel record for Deputy Deshong, with the exception of pension and compensation history, unless such history reflects an adverse employment decision. (Plaintiff will agree to a reasonable protective order related to this request)." Drexel Decl. Ex. 1 at RFP #14.

United States District Court
For the Northern District of California

1    Discovery was then stayed until approximately early 2010, at which time the County began taking

2    discovery.  Plaintiff responded in April 2011.  Jones Decl. ¶ 7, Ex. F.  Plaintiff took DeShong and

3    Ward's depositions in late 2010 and did not request documents at that time.  Jones Decl. ¶ 8.

4         On February 15, 2011 Plaintiff noticed Sheriff Mitchell's deposition and identified 17

5    categories of documents for production at the deposition, including Deshong's hiring, training,

6    supervision, discipline and termination records and citizen's complaints against Deshong and Ward.

7    Jones Decl. ¶ 9, Ex. G.  The County objected to the document requests because the documents were

8    not in Mitchell's possession, custody or control because he was no longer Sheriff.  Jones Decl. ¶ 9,

9    Ex. H.  Plaintiff did not respond substantively to the objections, but re-noticed the deposition and the

10   County responded with the same objections regarding documents. Drexel Decl. Ex. 6, 8.

11        Thereafter, Plaintiff propounded requests for production on the County and the County

12   responded with objections and documents.  Jones Decl. ¶ 14-16, Exhs. Q-T.  Plaintiff then noticed a

13   deposition of the person most knowledgeable of the County, including 12 categories of information

14   and 24 categories of documents.  Drexel Decl. Ex. 7.  The County provided documents and

15   objections based on, among other things, privacy and the official information privilege prior to the

16   deposition.  However, the Court excluded those relating to DeShong's personnel file and complaints

17   against Ward and DeShong.  Jones Decl. ¶ 9-10, 16, Ex. G-J; Drexel Decl. Ex. 9.

18        Following the hearing on this motion to compel, the parties have entered into a stipulated

19   protective order.

20   **Standard of Review**

21        Generally, in addition to the issue of relevancy of the requested records, the privacy interest

22   in police records such as those in question must be balanced against the interests of the party seeking

23   discovery to determine if a right to privacy exists.  Soto v. City of Concord,  162 F.R.D. 603, 613

24   (N.D. Cal. 1995), articulates the following standard:

25        Federal common law recognizes a qualified privilege for official information.
          Kerr v. U.S. Dist. Ct. for the Northern Dist., 511 F.2d 192, 198 (9th Cir. 1975). In
26        determining what level of protection should be afforded by this privilege, courts
          conduct a case by case balancing analysis, in which the interests of the party
27        seeking discovery are weighed against the interests of the governmental entity
          asserting the privilege.  Kelly v. City of San Jose, 114 F.R.D. at 660; Miller v.
28        Pancucci, 141 F.R.D. at 300; Hampton v. City of San Diego, 147 F.R.D. at 230-
          31; Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir.1990), cert
          den., 502 U.S. 957, 112 S.Ct. 417, 116 L.Ed.2d 437 (1991).  In the context of civil

United States District Court

For the Northern District of California

rights suits against police departments, this balancing approach should be "moderately pre-weighted in favor of disclosure." Kelly, 114 F.R.D. at 661.

However, before the Court will engage in this balancing of interests, the party asserting the privilege (the defendant police department) must properly invoke the privilege by making a "substantial threshold showing." Id. at 669. In order to fulfill the threshold requirement, the party asserting the privilege must submit a declaration or affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit. Id. The affidavit must include: "(1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made." Id. at 670. See also Chism v. County of San Bernardino, 159 F.R.D. 531, 533 (C.D.Cal.1994); Hampton v. City of San Diego, 147 F.R.D. at 230-31; Miller v. Pancucci, 141 F.R.D. at 301. A strong affidavit would also describe how the plaintiff could acquire information of equivalent value from other sources without undue economic burden. Kelly, 114 F.R.D. at 670.

If the court concludes that a defendant's submissions are not sufficient to meet the threshold burden, it will order disclosure of the documents in issue. If a defendant meets the threshold requirements, the court will order an in camera review of the material and balance each party's interests. Id. at 671; Chism, 159 F.R.D. at 533-34; Hampton, 147 F.R.D. at 231; Miller, 141 F.R.D. at 301.

If the party asserting the privilege meets the threshold requirement, the court will conduct a balancing analysis that considers, but is not limited to, the following factors: (1) The extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which government self-evaluation and consequent program improvement will by chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; (10) the importance of the information sought to the plaintiff's case. Kelly v. City of San Jose, 114 F.R.D. at 663 (citing Frankenhauser v. Rizzo, 59 F.R.D. 339, 344 (E.D.Pa.1973)).

Id. at 613, n.4.

**Analysis**

The County has provided the following categories of documents for in camera review, and certain of them shall be produced as follows:

United States District Court

For the Northern District of California

**A.  Records relating to the hiring, discipline, training, and termination of DeShong**

This category of documents contains forms and other documents relating to DeShong's application for employment with the Lake County Sheriff's department, including an investigation into his background and prior work experience, including with the Monterey County Sheriff's Department.  Certain of these documents are administrative forms that were completed over five years prior to the incident in question and have little or no relevance to the issues in this case. Plaintiff's limited interest in this largely irrelevant information is outweighed by DeSong's privacy interest in the documents.  Documents in this category that need not be produced include Lake 1090-1116 (Personal History Statement Form), Lake 1117-1121 and 1122-32 (portions of Background Investigation Questionnaire), 1134, 1137-1144, 1173-75 (other general employment forms, identification and high school education records).

However, the County is required to produce certain documents from DeShong's hiring file relating to prior complaints or discipline in connection with police work (Lake 1133), information related to prior police training (Lake 1135-36), and previous records relating to police performance (Lake 1153-1172).  The records contained in DeShong's Lake County training file as well as one document relating to a citizen's complaint (Lake 1017-1028, 1194-1228) shall also be produced. These documents shed some light on DeShong's on the job performance and training, which help to give relevant context to the claims brought against him.  Courts will permit the discovery of police personnel files in civil rights cases because the "information may lead to evidence of a continuing course of conduct reflecting malicious intent," or "reveal the defendant officers' patterns of behavior, as well as [their agency's] response to such behavior." Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995).  To the extent that the privacy interests of third parties are implicated by any of these documents (in particular Lake 1017-1028, 1158 and 1169), the County shall take care to redact all identifying information of third parties from the documents and the documents will be governed by a protective order.

**B.  Records of DeShong regarding Field Training Officer Program, limited to those document(s)  reflecting completion of the program**

DeShong's Training Block evaluation report and related memoranda reflecting completion of his initial training with the Lake County Sheriff's Department (Lake 998-1001 and 1013-1016) shall

be produced for the same reasons discussed above.

**C.  Any citizen complaints made against Ward and any citizen complaints made against DeShong commencing five years prior to the subject incident that occurred on October 27, 2006**

The documents provided by the County in this category, including (1) the Internal Affairs Investigation case assignment sheets (Lake 1031-1035) reflecting the investigation of complaints against Ward and DeShong shall be produced after redaction of *all* information relating to the investigation of other employees; and (2) documents relating to a personnel complaint against DeShong alleging unprofessional conduct shall be produced after appropriate redaction (Lake 1229-1241).  To the extent that the privacy interests of third parties are implicated by any of these documents, the County shall take care to redact all identifying information of third parties from the documents and the documents will be governed by a protective order.

**D.  Records of discipline imposed on Ward as a result of the citizen complaints referenced above and/or the incident involving Beckway**

The County asserts that there are no responsive documents in this category and has not provided any for *in camera* review.  Therefore no documents from this category are ordered produced.

**E.  Records regarding the termination of DeShong by the Lake County Sheriff's Department**

These termination documents demonstrate unequivocally that DeShong's termination had no direct relationship to Plaintiff or the allegations in his complaint and was based on an incident unrelated to DeShong's treatment of a member of the public or any use of force approximately six months after the alleged incident involving Plaintiff.  DeShong's privacy interest in his termination documents outweighs any limited interest Plaintiff might have in the termination documents.  The termination file (Lake 1055-1089) need not be produced.

Dated: September 19, 2011

_____

ELIZABETH D. LAPORTE
United States Magistrate Judge

United States District Court
For the Northern District of California