1

IN THE UNITED STATES DISTRICT COURT

2

FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4

5

BRENT BECKWAY,

6

Plaintiff,

7

v.

8

DEPUTY PAUL DESHONG, et al.,

9

Defendants.

10

NO. C07-5072 TEH

ORDER VACATING HEARING
AND DENYING MOTIONS FOR
SUMMARY JUDGMENT

11

This matter came before the Court in a motion brought by defendants County of Lake,

12

County of Lake Sheriff's Department, Sheriff Rodney Mitchell and Deputy Richard Ward

13

(collectively "Defendants"). Upon review of the record, the Court finds that oral argument

14

will not be necessary, and therefore the hearing scheduled to occur on November 21, 2011, is

15

vacated.  For the reasons set forth below, the motion for summary judgment is DENIED.

16

17

**BACKGROUND**

18

This lawsuit arises out of the October 27, 2006 arrest of Plaintiff Brent Beckway

19

("Beckway" or "Plaintiff") by Deputies Ward and DeShong of the Lake County Sheriff's

20

Department ("Ward" and "DeShong" or "the deputies"). The deputies contacted Beckway at

21

his home, where they went to investigate  a report of an altercation between Beckway and

22

Beckway's neighbor, Harold Keats ("Keats").

23

The parties dispute what occurred during the encounter between Beckway and the

24

deputies. Beckway contends that one of the deputies informed him he was going to be placed

25

under arrest for hitting Keats, and Beckway responded, "Why is that?" At that point,

26

Beckway says, he was thrown face-first onto the ground by one or both deputies, his arms

27

pinned under his body. Beckway claims that he never resisted the officers. He says he felt a

28

heavy blow to the back of his left leg while he was on the ground, and it was later discovered

United States District Court

For the Northern District of California

that Beckway's left leg sustained an injury which necessitated surgery and the placement of steel screws into his leg.

Defendants contend that Beckway did, in fact, resist them when they attempted to arrest him for assault. According to DeShong, when he moved in to arrest Beckway, Beckway turned away from him and lost his balance, causing both Beckway and DeShong to fall.  DeShong denies using any force against Beckway; specifically, he denies pushing Beckway to the ground, and denies kicking Beckway after he had fallen. According to DeShong, he fell on top of Beckway after Beckway lost his balance. When Beckway was helped to his feet, he complained of pain in his leg.

According to Ward, when DeShong announced that Beckway was under arrest, Beckway pulled his arm away and assumed a "fighting stance," with his fists raised above hip level and clenched.  Ward says that DeShong tried to control Beckway's right arm while Ward tried to take his left, but Beckway repeatedly pulled away, maintaining his defensive posture before falling.  Ward did not fall on top of Beckway–according to Ward's account, Ward put one knee on the ground and tried to pull Beckway's arms out from beneath his torso.

On October 27, 2009, Beckway pleaded nolo contendere, or no contest, to a charge of resisting the officers' lawful conduct (Cal. Pen. Code § 148(a)(1)). He brought this lawsuit on October 2, 2007, alleging excessive use of force and false arrest under 42 U.S.C. section 1983, as well as state law claims for battery, negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress.[1] He alleges that Ward and DeShong applied excessive force and seriously injured his left knee.

Defendants moved for summary judgment on February 4, 2011, and February 7, 2011. On April 7, 2011, summary judgment was granted as to Beckway's section 1983 claim against the County of Lake Sheriff's Department, and denied as to Beckway's state law

---

[1] The Court dismissed Beckway's false arrest claim in an order filed on May 12, 2010.

United States District Court
For the Northern District of California

claims and his section 1983 claim against the County of Lake, Sheriff Mitchell, and Deputies DeShong and Ward.

**LEGAL STANDARD**

Summary judgment is appropriate when there is no genuine dispute as to material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* The Court may not weigh the evidence and must view the evidence in the light most favorable to the nonmoving party. *Id.* at 255.  The Court's inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

A party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). However, on an issue for which its opponents will have the burden of proof at trial, the moving party can prevail merely by "pointing out ... that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party meets its initial burden, the opposing party must "set out specific facts showing a genuine issue for trial" to defeat the motion. Fed. R. Civ. P. 56(e)(2); *Anderson*, 477 U.S. at 256.

**DISCUSSION**

As the County, Sheriff and Sheriff's Department have been terminated from this case by stipulation, the arguments regarding the claims made against these defendants are moot.

3

With regards to the remaining motion for summary judgment on the claims against Deputy Ward, the Defendants' motion is dependent on their assertion that "the facts are clear and undisputed" in this case. This assertion is incorrect. Though the parties agree that Beckway was arrested by Ward and DeShong, and that, during the course of that arrest, he was injured, there is hardly any agreement about what happened in between the initial contact and the ultimate injury. The Defendants' motion relies entirely on the premise that the version of the facts recounted by the deputies must be accepted as true, and does not adequately account for the evidence presented by the Plaintiff, contained in his own deposition testimony, contradicting this version of events. Determinations of credibility are not the proper province of this Court. The Defendants have failed to demonstrate that no reasonable trier of fact could find for the Plaintiff, and, as it is possible a finder of fact could find for the nonmoving party, the Defendants have failed to meet their burden.

**CONCLUSION**

For the reasons set forth above, the motion for summary judgment as to the County of Lake, County of Lake Sheriff's Department and Sheriff Mitchell are DISMISSED AS MOOT. The motion for summary judgment as to the claims against Deputy Ward is DENIED. The hearing set on November 21, 2011 is hereby vacated and all other dates are to remain as set.

**IT IS SO ORDERED.**

Dated:   11/16/2011

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

United States District Court

For the Northern District of California

4