IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRENT BECKWAY,

                Plaintiff,

      v.

DEPUTY PAUL DESHONG, et al.,

                Defendants.

NO. C07-5072 TEH

ORDER ON MOTIONS IN LIMINE

After careful consideration of the parties' written arguments on their motions in limine, the Court now rules as follows:

*Plaintiff's Motion In Limine No. 1*

Plaintiff moves to exclude a photograph of Mr. Alan Keats representing how Mr. Keats appeared at the time he was interviewed by Defendant Deputy DeShong. This photograph represents the state in which Defendants found Mr. Keats, and it is therefore relevant to their state of mind at the time they encountered Mr. Beckway, as well as to the question of whether their actions were reasonable in light of the circumstances known to them. This inquiry is relevant in an excessive force case. *Graham v. Connor*, 490 U.S. 386, 397 (1989). Accordingly, the motion is DENIED.

*Plaintiff's Motion In Limine No. 2*

This motion seeks to exclude evidence of Plaintiff's plea of *nolo contendere* to the charge of resisting arrest, a violation of Cal. Penal Code section 148(a). The Court requests oral argument on this motion at the upcoming pretrial conference. The parties shall be prepared to address whether the fact that the *nolo contendere* plea in this case was to a

misdemeanor offense, and not to a felony offense, impacts the applicability of the case law cited by the parties and the admissibility of the evidence in question.

*Plaintiff's Motion In Limine No. 3*

This motion seeks to exclude evidence of threats made by Plaintiff in violation of Cal. Penal Code section 422. The Court also requests oral argument on this motion. The parties shall address whether there is any evidence that the deputies actually heard the message, including the threats contained therein, prior to their encounter with Mr. Beckway.

*Plaintiff's Motion In Limine No. 4*

Plaintiff's motion to exclude the testimony of Dr. Joseph McCoy is DENIED. Plaintiff's concerns regarding Dr. McCoy's reasoning go the weight rather than the admissibility of his testimony. Furthermore, Plaintiff's concerns regarding Dr. McCoy's disclosure under Federal Rule of Civil Procedure 26(d) are not sufficient to render the doctor's testimony inadmissible absent a showing of prejudice.

*Plaintiff's Motion In Limine No. 5*

Plaintiff's motion to exclude the testimony of Dr. Richard Clark is similarly DENIED. Plaintiff's concerns go the weight and not the admissibility of the evidence.

*Plaintiff's Motion in Limine No. 6*

Plaintiff's motion to exclude testimony of Mr. Jared Zwickey is GRANTED IN PART. Mr. Zwickey may not refer to the Plaintiff as a "terrorist" or to a violation of California Penal Code section 422 as "terrorist threats." In addition, Mr. Zwickey may not make any pronouncements regarding what the law is; testify to matters beyond his field, such as medical diagnoses or the effects of alcohol; nor testify as to his conclusions regarding the credibility of Mr. Beckway.

*Plaintiff's Motion In Limine No. 7*

Evidence that Mr. Beckway may have been intoxicated at the time of his arrest is admissible in an excessive force case, as it is relevant to the officers' perceptions of the suspect's behavior at the time of the incident. *See, e.g. Boyd v. City & County of San Francisco*, 576 F.3d 938, 944-945, 949 (9th Cir. 2009). The motion to exclude hospital blood records is therefore DENIED.

*Plaintiff's Motion In Limine No. 8*

Plaintiff seeks to exclude an audio recording made after his arrest as irrelevant hearsay evidence. Because the recording was made after the deputies' encounter with Mr. Beckway, it could not have informed their perceptions at the time of the incident. Consequently, the motion is GRANTED.

*Defendants' Motion In Limine No. 1*

Defendants' motion to exclude evidence regarding Mr. Beckway's encounter with Mr. Keats that was not known to deputies at the time of their encounter with Mr. Beckway is GRANTED. This does not preclude Mr. Beckway from testifying on information that he told the officers at the time of his arrest.

*Defendants' Motion In Limine No. 2*

Defendants' motion to exclude all evidence regarding the change in Mr. Beckway's status from "arrested" to "detained" is DENIED. This information is relevant to the severity of Mr. Beckway's alleged offense, which in turn is relevant to the jury's determination in an excessive force case. *Graham v. Connor*, 490 U.S. 386, 396 (1989).

*Defendants' Motion In Limine No. 3*

Because the delay in the filing of a criminal complaint against Mr. Beckway is also relevant to the severity of Mr. Beckway's alleged offense, Defendants' motion to exclude such evidence is similarly DENIED.

*Defendants' Motion In Limine No. 4*

This is a motion to exclude all evidence concerning Deputy DeShong's termination from the Lake County Sheriff's Department. The Court requests oral argument on this motion. Plaintiff shall be prepared to discuss why this evidence is not barred by Federal Rule of Evidence 404(b)(2).

*Defendants' Motion In Limine No. 5*

This motion is similar to the above, and seeks to exclude all evidence of citizen complaints about or discipline of Deputies DeShong and Ward. The Court also requests oral argument on this motion, with a specific focus on what evidence is contemplated, Plaintiff's intended use of this evidence, and the admissibility of such evidence as impeachment as opposed to substantive evidence.

*Defendants' Motion In Limine No. 6*

Defendants' motion to exclude evidence of complaints about the Lake County Sheriff's Department generally is GRANTED. However, this will ruling does not bar Plaintiff from introducing impeachment evidence, if appropriate. If Plaintiff seeks to do so, counsel shall request leave from the Court outside the presence of the jury.

*Defendants' Motion In Limine No. 7*

Defendants' motion to exclude the police reports recording this incident is DENIED. The reports are admissible as exceptions to the hearsay rule listed in Federal Rules of Evidence 803(6) and 803(8), and under the Business Records Act, 28 U.S.C. § 1732.

4

*Defendants' Motion In Limine No. 8*

Defendants' motion to exclude evidence of Plaintiff's inability to travel or sell his property is DENIED. Such evidence is relevant to Plaintiff's special damages.

*Defendants' Motion In Limine No. 9*

Defendants' motion to exclude evidence of Plaintiff's medical expenses is DENIED. The medical bills at issue in the motion are relevant to the severity of the Plaintiff's injury, and the full amount of these bills is admissible. *Greer v. Buzgheia*, 141 Cal.App.4th 1150, 1156 (2006).

*Defendants' Motion In Limine No. 10*

Defendants move to exclude photographs of the scene of the incident that were not produced during discovery. Plaintiff contends that the photographs were not produced as required by Federal Rule of Civil Procedure 26(a) because "the photographs he intends to introduce have not yet been taken." Pl.'s Opp'n at 28. However, Plaintiff's counsel have had an abundance of time to photograph the scene of the incident, and the Court will not reward their failure to prepare for trial in a timely manner. The motion is therefore GRANTED.

*Defendants' Motion In Limine No. 11*

Defendants' motion to exclude the testimony of Mr. Roger Clark is DENIED. After reviewing Mr. Clark's opinions and Defendants' objections thereto, the Court finds that Mr. Clark's conclusions fall within the bounds of proper expert testimony under Federal Rule of Evidence 702.

*Defendants' Motion In Limine No. 12*

For the same reason, the motion to exclude the testimony of Dr. Richard Nolan is DENIED.

5

*Defendants' Motion In Limine No. 13*

Defendants' motion to exclude evidence of potential indemnification is GRANTED. However, the Court will allow Plaintiff to request reconsideration of this ruling depending on the evidence presented at trial. If Plaintiff believes such evidence becomes relevant, counsel shall request leave to introduce it outside the presence of the jury.

*Defendants' Motion In Limine No. 14*

The right of an opposing party to cross-examine an expert witness by reference to writings in the field of the witness's expertise is well-established. *Atlanta Corp. v. Olesen*, 124 F. Supp. 482, 488 (D.C. Cal. 1954). Therefore, Defendants' motion to exclude cross-examination on learned treatises is DENIED.

Any oral argument requested above will be heard on **January 9, 2012, at 2:00 PM**, in Courtroom 2, 17th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco.

**IT IS SO ORDERED.**

Dated: 01/06/12

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

6