**United States District Court**
For the Northern District of California

1

2

3

IN THE UNITED STATES DISTRICT COURT

4

FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6

7
BRENT BECKWAY,

                              Plaintiff,

8
                                                              NO. C07-5072 TEH

9
                    v.
                                                              TRIAL RULES AND
                                                              PROCEDURES
10
DEPUTY PAUL DESHONG, et al.,

                              Defendants.

11

12

13
        To ensure the orderly and efficient presentation of evidence at trial, the parties shall

14
adhere to the following rules and procedures unless specifically ordered otherwise by the

15
Court.

16

17
        **1.  EXHIBITS**

18
        Before the first witness is called to testify, the parties shall identify and provide to the

19
Court a list of all exhibits to which there is no objection regarding their admission into

20
evidence.  Such exhibits shall then be formally admitted into evidence at that time.  When the

21
Court recesses each day, counsel shall inform opposing counsel of which exhibits, if any,

22
they intend to introduce during the next trial day.  If any such exhibits are still objected to,

23
counsel shall immediately notify the Court.  The Court will then schedule a conference to

24
resolve the dispute.

25

26
        **2.  WITNESSES**

27
        (a) Counsel are expected to have sufficient witnesses ready to testify each trial day.  In

28
cases where the parties have been allocated a specific amount of trial time, any delays caused

United States District Court
For the Northern District of California

1   by the failure to have sufficient witnesses ready shall be counted toward that party's

2   allocated time.  Counsel are expected to cooperate with each other in the scheduling and

3   production of witnesses.  Witnesses may be taken out of order if <u>necessary</u>.  Every effort

4   should be made to avoid calling a witness twice (as an adverse witness and later as a party's

5   witness).

6       (b)  Only one lawyer for each party may examine any single witness.

7       (c)  If a witness is testifying at the time of a recess or adjournment and has not been

8   excused, the witness shall be seated back on the stand when the Court reconvenes.  If a new

9   witness is to be called immediately following recess or adjournment, the witness should be

10  seated in the front row, ready to be sworn in.

11      (d)  Counsel shall refrain from eliciting testimony regarding undisputed facts set forth

12  in the parties' joint pretrial conference statement.  If the case is being tried before a jury, the

13  Court may read to the jury such undisputed facts at appropriate points in the trial.

14      (e)  Counsel are instructed to have their witnesses review, prior to taking the stand, all

15  exhibits the counsel intends to question the witness about during direct examination.

16      (f)  Immediately before each new witness takes the stand, counsel calling the witness

17  shall place on the witness stand a clearly marked copy of each exhibit that counsel expects to

18  have the witness refer to during his or her direct examination.  Immediately before beginning

19  cross-examination, counsel conducting cross-examination shall do the same with any

20  additional exhibits to be referenced on cross.

21      (g)  The deposition of an adverse party may be used for any purpose.  It is

22  unnecessary to ask the witness if s/he "recalls" it or otherwise lay a foundation.  Counsel

23  need only identify the deposition and page and line numbers and read the relevant portion.

24  Opposing counsel may then immediately ask to read any additional testimony that is

25  <u>necessary</u> to complete the context.

26      (h)  The deposition of a non-party witness may be used for impeachment or if the

27  witness has been shown to be unavailable.  For impeachment, counsel shall first allow the

28  witness to read to him- or herself the designated portion; then ask simply if the witness gave

2

**United States District Court**
For the Northern District of California

1  that testimony; and then read the testimony into the record.  Opposing counsel may

2  immediately ask to read additional testimony that is <u>necessary</u> to complete the context.  If a

3  deposition is introduced because a witness is unavailable, counsel shall offer only relevant

4  portions of the deposition and may not offer the deposition wholesale.

5      (i)  When the Court recesses each day, counsel shall inform opposing counsel of

6  which witnesses they intend to call during the next trial day.

7

8      **3.  <u>OBJECTIONS</u>**

9      To make an objection, counsel shall rise, say "objection," and briefly state the legal

10  ground (e.g., "hearsay" or "irrelevant").  There shall be no "speaking objections" or

11  argument from either counsel unless requested by the Court.

12

13      **4.  <u>SIDEBARS</u>**

14      Bench conferences, or the equivalent of "sidebars," will not be permitted absent truly

15  extenuating circumstances.  Disputes regarding exhibits shall be resolved as set forth in

16  paragraph 1 above.  Any other disputes or problems should be addressed either before the

17  trial day commences, at the end of the trial day, or during a recess, if necessary.

18

19  **IT IS SO ORDERED.**

20

21  Dated: 1/10/12

    _____
22                THELTON E. HENDERSON, JUDGE
              UNITED STATES DISTRICT COURT

23

24

25

26

27

28