United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRENT BECKWAY,

Plaintiff,

v.

DEPUTY PAUL DESHONG, et al.,

Defendants.

NO. C07-5072 TEH

ORDER ON MOTIONS IN LIMINE

After careful consideration of the parties' arguments on the remaining motions *in limine*, the Court now rules as follows:

*Plaintiff's Motion in Limine No. 2*

This is a motion to exclude Plaintiff's *nolo contendere* plea and resultant conviction for a violation of Cal. Penal Code section 148(a), a misdemeanor. Plaintiff argues that Federal Rule of Evidence 410 bars the admission of *nolo contendere* pleas, and the resultant convictions, as proof of the underlying conduct.

Under the Federal Rules of Evidence, pleas of *nolo contendere* are treated as distinctly different from convictions based on guilty pleas and convictions after trial. Rule 410 states, in relevant part: "In a civil or criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions: ... a *nolo contendere* plea ...." . A *nolo* plea "is not a factual admission" of a crime, but "a statement of unwillingness to contest" the charge and "an acceptance of the punishment that would be meted out to a guilty person". *Olsen v. Correiro*, 189 F.3d 52, 59-60 (1st Cir. 1999). "A conviction resulting from a *nolo contendere* plea under these circumstances is not by itself sufficient evidence to prove a defendant committed the underlying crime." *U.S. v. Nguyen*, 465 F.3d 1128, 1130 (9th Cir. 2006).

United States District Court
For the Northern District of California

Though Rule 410 refers to the admissibility of *nolo* pleas against "the *defendant* who made the plea" (emphasis added), it protects either party in a civil action from the admission of their prior *nolo* pleas and resultant convictions. The "defendant" referred to in the rule is the criminal defendant making the plea, who may later become a defendant or a plaintiff in a subsequent civil suit. Therefore, absent an exception, admission of the Plaintiff's *nolo* plea in the instant case is barred by Rule 410.[1]

Defendants respond that under *Brewer v. City of Napa*, 210 F.3d 1093 (9th Cir. 2000) a *nolo* plea is admissible where Federal Rule of Evidence 609 would allow its admission. Rule 609(a) states:

> The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>
> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of

---

[1]Defendants highlight language from the Order issued by this Court on April 7, 2011, granting in part and denying in part motions for summary judgment. In that Order, the Court commented that "[a] court has already found that Beckway resisted the officers", and went on to make reference to "resistance proven by Beckway's section 148(a)(1) conviction." *Order Granting in Part and Den. In Part Mots. For Summ. J.* at 6, lines 11 and 27-28; also at 7, line 3 (April 7, 2011). The Court has reconsidered: as Rule 410 strictly "prohibits the admission of *nolo contendere* pleas and the convictions resulting from them as proof that the pleader actually committed the underlying crimes charged," *(Nguyen*, 465 F.3d at 1131) *nolo* pleas may not be used to demonstrate guilt on the part of the individual who made the plea. It is therefore not appropriate to draw conclusions such as those contained in the Order from the fact of Mr. Beckway's *nolo* plea. While a guilty plea and resultant conviction may be used as a basis for finding that there has been a factual determination by a court of guilt, and thereby allow the Court to draw the conclusion that there is evidence of the conduct alleged, (resisting arrest, here), a *nolo* plea may not be so used. The Court must therefore amend its prior determination. The *nolo* plea in this case does not give rise to any findings regarding Mr. Beckway's conduct.

This does not alter the Court's overall determination on the motions discussed in the April 7 Order. The conclusions regarding the conduct underlying the conviction in Mr. Beckway's case are ancillary to the applied reasoning, and the finding in the order–that *Heck v. Humphrey*, 512 U.S. 477 (1994) and its progeny do not bar Mr. Beckway's section 1983 claim–remains unaltered.

United States District Court
For the Northern District of California

> the crime required proving--or the witness's admitting--a dishonest act or false statement.

Because Rule 609(a)(1) applies only to those convictions punishable by death or imprisonment for longer than one year, it only applies to felony convictions in California (the "convicting jurisdiction"). Rule 609(a)(2) applies to any offense wherein the elements establish a dishonest act or false statement, thus sweeping misdemeanor convictions involving untruthfulness into the scope of Rule 609's application. However, this would not go so far as to include a conviction for Cal. Penal Code section 148(a)(1), which is a misdemeanor charge of resisting, delaying or obstructing a peace officer, and thus not a crime involving dishonesty. As Rule 609 does not apply to the conviction in Mr. Beckway's case, the conviction would not be admissible as impeachment under 609, and, thus, *Brewer* is inapposite. The motion to exclude evidence of Plaintiff's *nolo contendere* plea and resultant conviction is GRANTED.

*Plaintiff's Motion in Limine No. 3*

Plaintiff moves to exclude evidence of the telephone message Plaintiff Beckway left on the answering machine of Alan Keats, his neighbor and purported victim, on October 27, 2006, the date of Mr. Beckway's arrest. Plaintiff argues that the evidence is irrelevant to the question of excessive force, and will mislead the jury as to the severity of the crime that brought deputies to Mr. Beckway's home. He further argues that the message constitutes character evidence, and is unduly prejudicial, requiring exclusion under Federal Rules of Evidence 404(a) and 403.

*Graham v. Connor* establishes that the relevant inquiry in a case of excessive force is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham*, 490 U.S. 386, 397 (1989). "The 'reasonableness' inquiry in an excessive force case is an objective one". *Id.* "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 397. Factors to

United States District Court
For the Northern District of California

be considered include–but are not limited to–"the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*. These factors do not limit the jury's inquiry; rather, the jury must consider the "totality of the circumstances" in determining whether the officer or officers in a case acted reasonably. *Forrester v. City of San Diego*, 25 F.3d 804, 809 n.2 (9th Cir. 1994).

Because *Graham* requires an objective consideration of the totality of the circumstances facing a given officer accused of using excessive force, the facts known to the officer at the time of the incident are relevant to the jury's determination. The relevance of the message, then, is entirely dependant on whether DeShong had heard the message and understood it to be significant to the Beckway matter at the time he visited Mr. Beckway's home. It is undisputed that the message arrived on Mr. Keats's answering machine–and was audible in the house–while DeShong was present, interviewing Mr. Keats. The effect of the message on Mr. Keats is noted in the police report, and, though the speaker on the answering machine is not initially identified in the police report, the report later says that DeShong asked for backup before going to Mr. Beckway's home in part because the message he had heard incited some misgivings in DeShong regarding Mr. Beckway's state of mind. Plaintiff having presented no evidence contravening the assertion that DeShong was aware of the message prior to the incident, and, in fact, was influenced by it as he prepared to visit Mr. Beckway, the Court finds that the evidence is relevant under *Graham* and DENIES the motion to exclude the message.

*Defendants' Motion in Limine No. 4*

Federal Rule of Evidence 404(a) governs the admissibility of character evidence, and states that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Ev. 401(a)(1). Evidence of a person's prior bad acts is inadmissible when offered to prove

United States District Court
For the Northern District of California

that the person acted in conformity with those prior acts, or, similarly, to show that the person has a propensity to act in such a manner.

However, such evidence may be admissible if offered for another purpose. Acceptable purposes, listed in Federal Rule of Evidence 404(b), include offering the evidence as proof of motive, opportunity, intent, preparation, plan, knowledge or absence of mistake or accident. In the present matter, the Plaintiff has argued that the evidence they wish to admit (which pertains to the termination of DeShong, the complaints against him, and a temporary restraining order issued pursuant to a domestic dispute) is offered to prove (1) DeShong's knowledge of the Lake County Sheriff's Department Code, (2) DeShong's motive to break the Code, and (3) DeShong's absence of mistake in injuring Beckway. They argue that the evidence is relevant to these issues, and not intended for the purpose of demonstrating a propensity on the part of DeShong for conduct of the sort at issue in the present case.

It is not clear how citizen complaints, termination, or a restraining order demonstrate DeShong's knowledge of his department's Code more effectively than other, more straightforward evidence, such as the fact that he was trained and employed by the Sheriff's Department. It is unclear how complaints and termination are probative of knowledge of Department procedures at all (and certainly the temporary restraining order has no value on this point). Furthermore, both DeShong's termination from the force and the issuance of the temporary restraining order against him came about after the incident in this case. It is unclear, from the papers and argument of counsel, whether there were citizen complaints in question which predated the incident in this case. Regardless, that which occurred after the incident could not provide a motive for the incident, and, were there any citizen complaints predating the Beckway incident, the Plaintiff has not made clear how they might have motivated the incident with Beckway, and thus admission as evidence of motive is not appropriate. Finally, to be used as evidence of the absence of mistake, the evidence would have to support Plaintiff's contention that the injury to Beckway was a deliberate use of excessive force, rather than an accident. In order for prior complaints or complaints and

termination that had yet to occur to make it more likely that DeShong deliberately injured Beckway, one would have to believe that these other incidents made it more likely that, on this occasion, DeShong acted in conformity with the conduct demonstrated in the other incidents. This would require one to believe that DeShong's incidents of bad conduct following the Beckway arrest are demonstrative of DeShong's propensity to break the Code of his Department–without assuming a propensity, there is no way for future acts to bear on past conduct, and therefore the purpose for this evidence, under this reasoning, would be precisely that which is barred by Rule 404(a). The Plaintiff has not demonstrated an appropriate use of this evidence, and thus the Court GRANTS the motion and excludes the evidence of DeShong's termination, citizen complaints, and restraining order.

The Court understands, however, that this evidence may become admissible if the testimony of a witness at trial makes the evidence relevant impeachment. Federal Rule of Evidence 608 allows evidence of specific instances of conduct where they are "probative of the character for truthfulness or untruthfulness of: (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about." Fed. R. Ev. 608(b). The possibility exists that DeShong himself may open the door to the admission of his past acts, should his testimony cause those past acts to become probative of either his own truthfulness or the truthfulness of another witness about whom he has testified. Fed. R. Ev. 608(b). In light of this, the Court will allow the Plaintiff to reopen the question of allowing cross-examination on this subject should testimony make these matters relevant. However, should testimony cause Plaintiff to believe the evidence has become proper impeachment, counsel shall confer with the Court outside the presence of the jury, at sidebar, prior to presenting any material otherwise barred by this ruling.

With regards to the related question of what DeShong shall be called during his testimony, the Court finds that it would mislead the jury to allow him to be referred to as "Deputy" and therefore ORDERS the parties not to refer to the witness as "DeShong" or make other comment implying he is presently a law enforcement officer. Other testifying officers shall be referred to by their proper title.

United States District Court
For the Northern District of California

*Defendants' Motion in Limine No. 5*

This motion similarly seeks to exclude all evidence of citizen complaints about, or discipline of, DeShong and Deputy Ward. This evidence is inadmissible for the same reasons discussed above, being barred by Rule 404 and lacking clear relevance. However, citizen complaints against a witness may be used as impeachment evidence, should they become admissible under Rule 608(b) during a witness's testimony.

**Areas Of Additional Concern Raised During Argument**

The parties have sought to revisit some motions *in limine* on which this Court has already ruled, both by the filing of additional materials following issuance of the Court's ruling and by raising their further concerns orally at the motions hearing held on January 9, 2012. The Court has considered the parties' arguments and materials, and declines to revise the previously-issued decision for the reasons below.

*Plaintiff's Motion in Limine No. 4*

Plaintiff moved to exclude the testimony of Dr. Joseph McCoy on the grounds that his anticipated testimony, as expressed through his report, lacks sufficient medical authority to be admitted as an expert opinion, and, furthermore, on the grounds that the Rule 26 disclosure of the cases in which Dr. McCoy has appeared as an expert witness was insufficient, lacking any detail beyond the names of the cases. Without case numbers, locations, dates, or further information, Plaintiff's counsel was unable to perform the review of Dr. McCoy's past testimony they had expected, and now move to exclude the witness's testimony in its entirety.

As the Court previously held, these arguments are appropriate material for cross-examination, but does not rise to the level of disqualifying the Defendants' offered expert for failure to meet the requirements of Federal Rule of Evidence 702. With regards to Rule 26, the Court previously denied this motion because of Plaintiff's failure to allege or discuss how the inadequate disclosure had caused him to be prejudiced.

"In order to exclude expert testimony, the opposing party must be prejudiced." *Paulissen v. U.S. Life Ins. Co. in City of New York*, 205 F.Supp.2d 1120, 1126 (C.D.Cal., 2002) (quoting *Fitz, Inc. v. Ralph Wilson Plastics Co.*, 184 F.R.D. 532, 536 (D.N.J.1999)). In the one page of discussion provided on this topic in Plaintiff's motion (*Pl.'s Mot. In Limine No. 4* at 7), prejudice is not addressed at all. Though counsel for the Plaintiff argued that his motion had contained the requisite showing of prejudice, review of the motion reveals that the word "prejudice" appears three times: once on page two, in the summary of the motion, once on the same page in the description of issues to be decided, and once more, on page three, at line 14, where the motion states that the Rule 26 disclosure was insufficient "to the point that it has caused prejudice to the Plaintiff." Aside from these three appearances, neither the word nor the topic of prejudice is to be found in the motion as it was submitted to this Court. Therefore, the Court denied the motion to exclude Dr. McCoy.

In the wake of the Court's decision, the Plaintiff submitted two further declarations in support of this motion, which discussed prejudice deriving from the exiguous disclosure at length. Submitted two days after the motion had been ruled on, on the Friday evening preceding the Monday hearing at which the remaining motions *in limine* were to be addressed, the declarations were decidedly untimely.

Though the untimeliness alone is sufficient reason to decline revisiting the motion, the avoidability of the present problem bears special note. The difficulty the Plaintiff faces as a result of the lacking disclosure is significant. However, as the disclosure was made in advance of the deposition, on December 13, 2011, Plaintiff not only had an opportunity to question Dr. McCoy extensively on his prior experience, but also had the opportunity to, if necessary, make a filing with the Court regarding the problem well before the eve of trial. Having not pursued the issue expeditiously, Plaintiff may not now exclude the testimony of the witness altogether for the inadequacy of the disclosures.[2]

[2]Though it is not strictly relevant to the reasons described above for denying reconsideration, the Court further notes that the case on which Plaintiff relies, *Jennings v. Thompson*, 792 F.Supp.2d 1 (D.D.C., 2011) involved an expert witness who had been previously struck for refusing to comply with Rule 26 requirements, and a "handwritten 'trial list' provided by the plaintiff reveals that it indicates only months and years associated with

*Defendants' Motion in Limine No. 9*

Defendant's motion *in limine* number nine is a motion to exclude from evidence the Plaintiff's medical bills, on the grounds that they do not reflect the amount Plaintiff paid or would be required to pay and therefore lack sufficient relevance to be admitted into evidence. The motion was denied. At the hearing on the four motions *in limine* which had yet to be ruled upon, the Defendants revisited this ruling, asking that the Court reconsider. The Defendants specifically requested that the Court further review the holding in *Howell v. Hamilton Meats & Provisions, Inc.*, 52 Cal.4th 541 (2011), and argued that, because of *Howell*, this Court is required to find the evidence in question inadmissible.

The Court, having further reviewed *Howell*, disagrees. *Howell*, a 2011 holding of the California Supreme Court, addresses California's collateral source rule, which "precludes deduction of compensation the plaintiff has received from sources independent of the tortfeasor from damages the plaintiff would otherwise collect from the tortfeasor." *Howell*, 52 Cal.4th at 548 (quotations omitted). In particular, the case dealt with a situation in which a plaintiff had been injured in an automobile accident negligently caused by a driver for the defendant company. *Howell*, 52 Cal.4th at 549. At trial, the defendant company moved to exclude evidence of medical bills that neither the plaintiff nor her insurer had paid. *Id.* It is established that in California the "reasonable value" of the medical care for which a plaintiff may recover is measured by "the amounts paid by the plaintiff or his or her insurer for the medical services received or still owing at the time of trial." *Howell*, 52 Cal.4th at 566-67. Damages, therefore, are limited to the loss actually suffered by an injured party, whether that

---

certain individuals' names, and does not identify specific case names, docket numbers, or the courts in which the cases were pending." *Jennings*, 792 F.Supp.2d at *6. The handwritten "disclosure" was followed with a second, supplemental document, which was faxed to the Plaintiff "long after the close of discovery, long after the expert's deposition, and indeed after the plaintiff had already filed this motion in limine in preparation for trial" and did "not disclose any cases in which [the expert] gave deposition testimony" nor "identify any specific 'cases' with identifying court information" but merely "list[ed] the names of individuals." *Id.* The present situation is not nearly so egregious, nor is it clear that there was a deliberate, willful failing on the part of the party responsible for the provision of information such as occurred in *Jennings.* Rather, it seems that, in the instant case, the information not withheld, but poorly kept by the expert and consequently difficult and time-consuming to reconstruct.

loss is borne by the injured party alone or by third parties in conjunction with the injured party.

However, the court in *Howell* did not find that medical bills requesting sums higher than the actual amount for which the plaintiff and his insurer were held responsible are categorically inadmissible. Rather, the court held that the full bill *is* admissible (assuming it satisfies other rules of evidence), but loses its relevance on the issue of the cost of the medical expenses in question. *Howell*, 52 Cal.4th at 567. The *Howell* court explicitly notes that the holding has no bearing on the relevance or admissibility of such bills on other issues, such as noneconomic damages or future medical expenses, and, furthermore, that the court does not need to reach the question as the defendant in *Howell* conceded that it was proper for the jury to hear evidence of the plaintiff's full medical bills. *Howell*, 52 Cal.4th at 567.

Overall, the focus of *Howell* is not on the admissibility of bills, but on the admissibility of evidence of the negotiated rate differential in light of California's collateral source rule. On that question, the court held that admitting evidence of the difference between the billed sum and the sum actually due after negotiation with the plaintiff's insurer does not violate the collateral source rule, as a negotiated rate differential is not a benefit provided to the plaintiff in compensation for injury and therefore does not come within the collateral source rule. *Howell*, 52 Cal.4th at 566.

This case, urged by Defendants, does not, upon further review, contradict the holding of this Court on the Defendant's motion *in limine.* In the present case, federal–not state–evidentiary rules apply. *Van Maanen v. Youth With A Mission, et al.*, 2011 WL 5838185, *6 (E.D. Cal. Nov. 21, 2011). As the collateral source rule is recognized by federal common law, but is not a rule of evidence under federal law, the Federal Rules of Evidence govern the admissibility of this evidence.[3] *Id.* The Defendants argue that the evidence lacks relevancy, as the negotiated rate differential in this case renders the original bills inaccurate as a representation of the reasonable value of the damages suffered by the Plaintiff. Though

---

[3]This does not bar admission of collateral source payments in federal court Rather, such evidence may be admissible under *Howell* as well as under the Federal Rules, and therefore would be admissible in this Court.

United States District Court
For the Northern District of California

the bills may not establish damages in this regard, the Plaintiff, in his response, set forth other issues on which the bills are relevant, such as the extent of injuries, and the reasonableness of Lake County Hospital's rates as compared to other local care providers. The bills do, therefore, have relevance, and, in light of the holding in *Howell* regarding the admissibility of the negotiated rate differential, the Defendants are free to argue against the bills as a measure of damages and present their own figures, taking into account the insurer's rate. There is therefore little prejudice to the Defendants in allowing the evidence, which may be probative of both the nature of Plaintiff's injuries and the reasonableness of the hospital's rates. Hence, the evidence is admissible, and the Court's prior ruling on Defendant's motion *in limine* number nine stands: the motion is DENIED.

The Court does not intend, however, to allow misrepresentation of the amount the Plaintiff and his insurer were ultimately required to pay (or presently owe). Defendants may make their arguments regarding the nonrepresentative nature of this evidence on the question of Plaintiff's economic loss. Furthermore, the Court invites Defendants, if they feel it appropriate, to move for a cautionary instruction on this issue, which the Court will administer prior to the jury's deliberation. If Defendants wish to have such an instruction, counsel shall meet and confer on the appropriate language, and agree, if possible, on an instruction. If counsel, after meeting and conferring, cannot agree, the Court will consider Defendants' proposed language and hear any objections or competing language Plaintiff may wish to submit.

**IT IS SO ORDERED.**

Dated: 1/12/2012

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT