IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRENT BECKWAY,

    Plaintiff,

  v.

DEPUTY PAUL DESHONG, et al.,

    Defendants.

NO. C07-5072 TEH

ORDER ON MOTION TO QUASH

  On or about January 6, 2012, Plaintiff Brent Beckway ("Plaintiff" or "Beckway") served Defendants trial subpoenas seeking the appearance of Defendants at trial, as well as requesting production of ten categories of Defendants' personal financial records. Defendants filed a motion to quash the subpoenas on January 10, 2012, arguing that the financial documents constituted misuse of a trial subpoena and were barred by Federal Rule of Civil Procedure ("FRCP") 45(c)(3)(iii), which requires the quashing of any subpoena that requires disclosure of privileged or other protected matter. Having carefully considered the arguments of counsel, the Court now DENIES the motion, for the reasons set forth below.

  Financial records are properly subject to disclosure for the purpose of evaluating the amount of punitive damages that should be awarded. *See Cit4y of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 267 (1981). They are therefore not subject to absolute privacy protection as the Defendants suggest. *Equal Employment Opportunity Commission v. California Psychiatric Transitions*, 258 F.R.D. 391, 395 (E.D. Cal., 2009). They are therefore not barred from being subject to subpoena by Rule 45(c)(3)(iii).

  Previous attempts by the Plaintiff to access this information having been rebuffed by Defendants as premature, and the Plaintiffs having indicated, in their moving papers, their amenability to a compromise on this issue, the Court hereby ORDERS Defendants Ward and DeShong to bring all of the requested materials with them when they appear at trial. Should

1 Plaintiff establish, and the Court find, that Plaintiff is entitled to punitive damages, the
2 Defendants shall be prepared to turn over the materials sought by the subpoena, subject to an
3 appropriate protective order. Absent a finding by the Court that the Plaintiff is entitled to
4 punitive damages, the documents in question will not be disclosed. Nevertheless, Defendants
5 Ward and DeShong are to consider themselves subject to the Plaintiff's subpoena, and are to
6 arrive before this Court prepared with the requested materials.

**IT IS SO ORDERED.**

Dated: 1/17/2012

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT