IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRENT BECKWAY,

          Plaintiff,

      v.

DEPUTY PAUL DESHONG, et al.,

          Defendants.

NO. C07-5072 TEH

ORDER REGARDING FURTHER DECLARATION OF BARON J. DREXEL

      On Monday, April 16, 2012, the Court held a hearing on Plaintiff's motion for a new trial. The matter was argued and submitted. The following day, Baron J. Drexel, counsel for the Plaintiff, filed a further declaration with the Court. In his declaration, he detailed his conversations with the jurors who had rendered a verdict in this matter. For several reasons, the Court declines to consider this declaration.

      First, the filing is untimely. If counsel believed his conversations with jurors to be relevant to his motion for a new trial, he had the opportunity to raise these issues in the motion itself, or in his reply to defense counsel's opposition to the motion. He had the opportunity to raise the issues orally, at the hearing held on April 16, 2012. Having not been timely raised, the Court rejects as untimely the contentions contained in this filing.

      Even if the Court were to consider the declaration, there are further evidentiary issues barring the Court from relying on the contents of this declaration in making a ruling. Beyond the fact that the statements of jurors contained in this filing are hearsay, they are further barred by Federal Rule of Evidence 606(b), which states,

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith. But a juror may testify about (1) whether extraneous prejudicial information was improperly brought to the jury's attention, (2) whether any outside

influence was improperly brought to bear upon any juror, or (3) whether there was a mistake in entering the verdict onto the verdict form. A juror's affidavit or evidence of any statement by the juror may not be received on a matter about which the juror would be precluded from testifying.

Rule 606(b) offers a standard governing not only testimony, but any statement made by a juror after the verdict has been reached–including affidavits and also less formal writings, such as letters. When such evidence is submitted, the Court must review the writing under the same standard as would be applied were the statement spoken live, in court. This means that "the district court must examine this material to decide whether it falls within the categories of admissible juror testimony permitted by Rule 606(b). Rule 606(b) permits testimony only on the questions of 'whether extraneous prejudicial information was improperly brought to the jury's attention' and 'whether any outside influence was improperly brought to bear on any juror.'" *Hard v. Burlington Northern R. Co.,* 870 F.2d 1454, 1461 (9th Cir. 1989). Testimony regarding the motivation of a juror or jury in reaching a verdict is barred under 606(b): "Testimony of a juror concerning the motives of individual jurors and conduct during deliberation is not admissible. Juror testimony is admissible only concerning facts bearing on extraneous influences on the deliberation, in the sense of overt acts of jury tampering." *United States v. Pimentel*, 654 F.2d 538, 542 (9th Cir.1981).

The statements of the jurors brought by declaration do not fall into any exception to the Rule 606 bar on juror testimony regarding the deliberative process. The remarks of defense counsel, invoked by Mr. Drexel as the reason for his filing, are similarly barred, and the Court shall therefore consider none of the representations made as to the jury's deliberative process in coming to its decision. The filing of Mr. Drexel is hereby REJECTED, as both untimely and barred by the Federal Rules of Evidence.

**IT IS SO ORDERED.**

Dated: 4/17/12

_____
THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

2