IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRENT BECKWAY,

                Plaintiff,

v.

DEPUTY PAUL DESHONG, et al.,

                Defendants.

NO. C07-5072 TEH

ORDER REGARDING MOTION FOR NEW TRIAL

This matter came before the Court on Plaintiff's motion for a new trial, which was heard on April 19, 2012. For the reasons set forth below, Plaintiff's motion is DENIED.

**BACKGROUND**

This lawsuit arose out of the October 27, 2006 arrest of Plaintiff Brent Beckway ("Beckway" or "Plaintiff") by Defendants Ward and DeShong, deputies with the Lake County Sheriff's Department. Defendants contacted Plaintiff at his home, where they went to investigate a report of an altercation between Plaintiff and Plaintiff's neighbor, Harold Keats ("Keats").

The parties disputed what occurred during the encounter between Plaintiff and the deputies. Plaintiff contended that, after a brief conversation, one of the deputies informed him he was going to be placed under arrest for hitting Keats, and Plaintiff responded, "Why is that?" At that point, Plaintiff said, he was thrown face-first onto the ground by one or both deputies, his arms pinned under his body. Plaintiff claimed that he never resisted the officers. He said he felt a heavy blow to the back of his left leg while he was on the ground, and it was later discovered that Plaintiff's left leg sustained an injury which necessitated surgery and the placement of steel screws into the leg.

1    Defendants responded that they did not use excessive force, did not cause Plaintiff's
2 injuries, and arrived at his house having been told that he was a former golden gloves boxer
3 who may be armed. They raised the theory that Plaintiff may have fallen in the course of
4 pulling away from the Deputies, and further argued that his injuries were due to his own
5 infirmity and subsequent medical errors, and not due to police use of force.
6    Plaintiff brought this lawsuit on October 2, 2007, alleging excessive use of force and
7 false arrest under 42 U.S.C. section 1983, as well as state law claims for battery, negligence,
8 negligent infliction of emotional distress, and intentional infliction of emotional distress[1]. He
9 alleged that Ward and DeShong applied excessive force and seriously injured his left knee.
10 After Defendants' motion for summary judgment was denied, the remaining claim under
11 section 1983 went to trial on January 18, 2012, and a verdict was returned for the Defendants
12 on January 30, 2012.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 59(a), "[a] court may, on motion, grant a new trial to all or some of the issues—and to any party—... (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed.R.Civ.P. 59(a)(1)(A). "Rule 59 does not specify the grounds on which a motion for a new trial may be granted." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003). Rather, the Court is "bound by those grounds that have been historically recognized." *Id.*

"Historically recognized grounds include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" *Molski v. M.J. Cable's, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147 (1940)). Further historically recognized grounds include fraud underlying the verdict: the Court may grant a new trial if "the verdict is contrary to the clear

---

[1] The Court dismissed Plaintiff's false arrest claim in an order filed on May 12, 2010.

2

1 weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound
2 discretion of the court, a miscarriage of justice." *Silver Sage Partners, Ltd. v. City of Desert*
3 *Hot Springs*, 251 F.3d 814, 818–819 (9th Cir. 2001) (citation omitted).

4 "A motion for new trial may invoke the court's discretion insofar as it is based on
5 claims that 'the verdict is against the weight of the evidence, that the damages are excessive,
6 or that, for other reasons, the trial was not fair to [the] party moving; and may raise questions
7 of law arising out of alleged substantial errors in admission or rejection of evidence or
8 instructions to the jury.' " *Murphy v. City of Long Beach*, 914 F.2d 183, 186 (9th Cir. 1990),
9 quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed.
10 147 (1940). The failure of the Court to correctly instruct the jury on a dispositive issue has
11 also been recognized as grounds for granting a new trial. *See Murphy*, 914 F.2d at 186-87
12 (affirming grant of new trial where district court omitted instruction on one issue and gave
13 improper instruction on another).

14 "A new trial may be ordered to correct manifest errors of law or fact, but 'the burden
15 of showing harmful error rests on the party seeking the new trial.'" *Boston Scientific Corp. v.*
16 *Johnson & Johnson*, 550 F.Supp.2d 1102, 1110 (N.D. Cal. 2008). "The grant of a new trial
17 is 'confided almost entirely to the exercise of discretion on the part of the trial court.'"
18 *Murphy*, 914 F.2d at 186 (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36, 101
19 S.Ct. 188, 66 L.Ed.2d 193 (1980)).

20 The Ninth Circuit has held that a new trial may be granted "'only if the verdict is
21 contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to
22 prevent a miscarriage of justice.'" *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir.
23 2007) (quoting *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n. 15
24 (9th Cir. 2000)). In determining whether a verdict is contrary to the clear weight of the
25 evidence, the Court "has 'the duty ... to weigh the evidence as [the Court] saw it'" and may
26 set aside the verdict even if it is supported by substantial evidence. *Id.* (quoting *Murphy*,
27 914 F.2d at 187).

28

3

Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for six reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct by the opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; and (6) any other reason justifying relief. Fed.R.Civ.P. 60(b). Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, are not grounds for relief under Rule 60(b). *Twentieth Century–Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances. *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994). In general, Rule 60(b) is a remedy that "has been used sparingly as an equitable remedy to prevent manifest injustice." *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)).

**DISCUSSION**

Plaintiff alleges four bases for his motion for a new trial. First, he argues that the verdict was against the clear weight of the evidence, justifying the grant of a new trial under Rule 59. Second, he argues that the Court's failure to provide Plaintiff's proposed adoptive admission instruction to the jury requires a new trial under Rule 59. Third, Plaintiff addresses various evidentiary rulings made by the Court, arguing that the exclusion of evidence relating to Defendant DeShong's background, as well as the Court's refusal to allow the testimony of DeShong's ex-wife as a rebuttal witness, resulted in a miscarriage of justice requiring a new trial under Rule 59. Finally, Plaintiff argues that the misrepresentations of Defendant DeShong require a new trial under Rule 60(b)(3).

4

*1. Weight Of The Evidence*

A trial court may grant a new trial only if the jury's verdict was "against the clear weight of the evidence." *Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1083 (9th Cir. 2009). The court can weigh evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party. *Landes Constr. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987). A new trial may be granted "[i]f, having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed ...." *Id.* at 1371–72.

The district court, however, may not grant a new trial "simply because it would have arrived at a different verdict." *Wallace v. City of S.D.*, 479 F.3d 616, 630 (9th Cir. 2007). Indeed, where there is conflicting testimony, where the court re-interprets and applies the evidence to reach a different result than the jury verdict, or even where the weight of the evidence turns on determinations of credibility, the Ninth Circuit has held that a district court has erred in finding that a jury verdict contravenes the clear weight of the evidence. *Carrethers v. Bay Area Rapid Transit*, 2012 WL 1004847 at *5 (N.D.Cal. 2012.) "[A] decent respect for the collective wisdom of the jury, and for the function entrusted to it in our system, certainly suggests that in most cases the judge should accept the findings of the jury, regardless of his own doubts in the matter." *Landes*, 833 F.2d at 1371.

Plaintiff argues that the medial evidence presented at trial established that the fractures suffered by Plaintiff could not have been caused by a fall, but only by a "take-down" by officers, likely combined with a blow to the back of the knee. Plaintiff argues that the disparities in the accounts of the incident given by Defendants undermine their credibility. Furthermore, Plaintiff argues that evidence regarding the physical disparity between the (larger) Defendants and (smaller) Plaintiff, as well as Plaintiff's cooperation with Defendants, establishes that Defendants used excessive force and therefore violated Plaintiff's rights. Plaintiff highlights the failings of Defendants' suggested theories of how Plaintiff's injury came about–including the notion that Plaintiff suffered from osteoporosis

5

1 and the contention that Plaintiff could have fallen without raising his arms, having been
2 intoxicated at the time–in urging the Court to find that the weight of the evidence lies against
3 the jury verdict in this case, and therefore that a new trial is required.

4 Defendants respond with the alternative perspective, emphasizing the evidence in
5 favor of their theory in much the same manner as Plaintiff emphasizes his own. Neither
6 party raises any argument relating to witness credibility establishing that a witness's
7 testimony was definitively refuted by objective evidence–rather, the jury in this case was
8 presented with conflicting testimony and required to consider the witness's demeanor,
9 motive, and credibility in making a determination. The Court cannot conclude, therefore, on
10 the basis of this competing testimony, that the verdict was against "the great weight of the
11 evidence." *Carrethers*, 2012 WL 1004847 at \*6 (quoting *EEOC v. Pape Lift, Inc.*, 115 F.3d
12 676, 680 (9th Cir. 1997).

13 Turning to the physical evidence–the type of fracture and nerve damage in Plaintiff's
14 leg–the competing expert witnesses presented by Plaintiff and Defendants offered different
15 opinions on whether these injuries could only arise from an assault of the sort Plaintiff
16 described, or whether they may have come about through other means, such as a bad fall,
17 weak bones or errors in the surgery following Plaintiff's injury. Again, the jury was
18 presented with competing views, and asked to make a determination as to which it found
19 more credible. In this situation, the Court may not substitute its own view of the evidence for
20 that of the trier of fact–rather, to grant a new trial the Court must reach "the definite and firm
21 conviction that a mistake has been committed" by the trier of fact. Here, Defendants' theory
22 of the case simply has not been so clearly and completely undermined as to allow the Court
23 to reach the required level of certainty.

24 Moreover, even if the Court were to determine that the injury in the case could not
25 have been caused by any means other than the assault Plaintiff described, this would still be
26 insufficient for a finding of liability–the evidence presented regarding Defendants' belief that
27 Plaintiff was potentially armed and trained in fighting could still have brought a jury who
28 accepted Plaintiff's theory of injury to the conclusion that the force used was nonetheless

6

reasonable in this case. On the question of reasonable force, then, the Court must acknowledge that the jury was presented with competing expert witnesses, and, again, it would be inappropriate for the Court to substitute its own view for the conclusions reached by the jury after hearing all the competing evidence.

*2. Instructional Error*

"Jury instructions must be formulated so that they fairly and adequately cover the issues presented, correctly state the law, and are not misleading." *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996) (citing *Fikes v. Cleghorn*, 47 F.3d 1011, 1013 (9th Cir. 1995)). Although each party is "entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence," a court's rejection of proposed instructions meeting these criteria does not warrant reversal if the error is harmless. *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009) (citing *White v. Ford Motor Co.*, 312 F.3d 998, 1012 (9th Cir. 2002) (citations omitted)). *See also Caballero v. City of Concord*, 956 F.2d 204, 206 (9th Cir. 1992) ("An error in instructing the jury in a civil case requires reversal unless the error is more probably than not harmless."). Prejudicial and thereby reversible error results when, "looking to the instruction as a whole, the substance of the applicable law was [not] fairly and correctly covered." *Dang v. Cross*, 422 F.3d 800, 805 (9th Cir. 2005) (alteration in original) (quoting *Swinton v. Potomac Corp.*, 270 F.3d 794, 802 (9th Cir. 2001)).

In the instant case, Plaintiff does not assert that the Court gave an improper instruction, but, rather, that the Court's failure to give Plaintiff's proposed instruction on adoptive admission is an error that justifies relief under Rule 59. Three conditions must be satisfied for a district court's refusal to give a requested instruction to be considered erroneous: "(1) the requested instruction correctly stated the law, (2) the instruction dealt with an issue properly before the jury, and (3) the failure to give the instruction resulted in prejudicial harm to the requesting party." *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1287 (9th Cir. 2008) (internal quotation marks omitted).

7

1    The instruction sought by Plaintiff dealt with adoptive admission: Plaintiff wished the
2 Court to instruct the jury that they may infer, from Defendants' failure respond to Plaintiff's
3 allegations on the MAV recording with a denial of wrongdoing, that Defendants did not
4 dispute the allegations Plaintiff made.  Plaintiff argued that the inference of admission was
5 permissible in this context, and urged the Court to provide the jury with an instruction largely
6 drawn from California state criminal law.

7    The Court declined, noting that Plaintiff was free to argue in closing that the jury
8 should make such an inference, but instruction would not be proper, as Plaintiff had not been
9 able to provide the Court with authority establishing the propriety of this instruction outside
10 the context of criminal law, and, furthermore, in the particular circumstances presented by
11 the instant case.  Defendants provided case law from the Fourth Circuit concluding that the
12 use of this instruction would be inappropriate in the context of this case (*see Carr v. Deeds*,
13 453 F.3d 593, 607 (4th Cir. 2006)), and Plaintiff did not present any authority to the contrary.
14 Therefore, the Court determined that there was a significant question as to whether the
15 instruction would have been a correct statement of the law, and, furthermore, that the jury did
16 not require instruction on this point in order to make their determination regarding whether
17 Defendants violated Plaintiff's constitutional rights by using excessive force against him.

18    Plaintiff has not provided the Court with any authority or argument sufficient to
19 undermine the Court's former conclusion.  Though Plaintiff cites four cases in briefing this
20 issue, none of these cases are apposite here: none address adoptive admissions, and all
21 address circumstances where the permissive inference to which the instruction spoke was
22 very different in nature than the inference allowed by the adoptive admission instruction.
23 First, these inferences were supported by the law, and the instructions stated the law correctly
24 and as supported by precedent.  Second, the subject matter of these rulings is only similar to
25 the question before this Court in that both deal with inferences juries may or may not be
26 legally allowed to make (with the exception of *Williams v. Jader Fuel Co.*, 944 F.2d 1388
27 (7th Cir. 1991) which merely required that instructions be given on a theory of defense–in
28 that case, the duty to mitigate–where the evidence so required).  There is no further

8

correspondence or parallelism between the adoptive admissions issue here and the permissive inferences allowed by those rulings. Therefore, the Court cannot find the instruction appropriate on the basis of Plaintiff's proffered cases.

*3. Exclusion Of Evidence*

District courts have broad discretion in admitting evidence. *Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995). "A new trial is only warranted on the basis of an incorrect evidentiary ruling if the ruling substantially prejudiced a party." *U.S. v. 99.66 Acres of Land*, 970 F.2d 651, 658 (9th Cir. 1992). This requires the movant to demonstrate that, "more probably than not," the evidentiary error "tainted the verdict." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008). A harmless error by a district court in an evidentiary ruling does not justify disturbing a jury's verdict. *Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1439 (9th Cir. 1990) (citations omitted) (noting that a new trial is warranted only if a district court commits reversible error, which the complaining party must establish with proof that the court's error more probably than not tainted the jury's verdict).

Plaintiff contends that the exclusion of evidence relating to DeShong's termination from the Lake County Sheriff's Department, of his ongoing domestic violence restraining orders, of the number of times he previously testified and of threats made to his ex-wife during the proceedings was error, and requires a new trial. With regards to the evidence of DeShong's termination and restraining orders, the analysis employed by the Court on the parties' motions *in limine* remains applicable. Without revisiting these rulings at length (*see* Docket No. 272, p. 5:6-13), evidence of DeShong's termination, and of his restraining order, has no probative value other than as evidence of a propensity towards the sort of conduct alleged in the instant case, and therefore are inadmissible character evidence.

Turning to the evidence of prior testimony and witness intimidation, Plaintiff initially sought to bring this testimony after the close of Plaintiff's evidence, through DeShong's ex-wife. On the first day of trial, Defendants had moved to quash the subpoena pending against DeShong's ex-wife, arguing that the only matters on which she could testify were those ruled

9

inadmissible by the Court in the docket entry noted above; specifically, past incidents of misconduct offered to prove conformity therewith in the instant case, which are inadmissible character evidence and therefore excluded by the Court's ruling *in limine*. Plaintiff asked that the witness be kept under subpoena, and would only be brought as a rebuttal witness, should DeShong lie on the stand about any matter outside the inadmissible character evidence excluded *in limine*. The Court agreed to allow this witness to remain a potential rebuttal witness, subject to those limitations. While the trial was ongoing, Plaintiff alerted the Court to DeShong's having made contact with his ex wife, and, according to Plaintiff, made menacing statements which were intended to intimidate her and discourage her from testifying. The Court found this evidence insufficiently relevant and more prejudicial than probative under Federal Rule of Evidence 403, and therefore declined to allow testimony on the issue of DeShong's contact with the witness.

On the other points for which this witness was proffered, the Court held that Plaintiff's proposed rebuttal testimony constituted extrinsic evidence for the impeachment of DeShong on a collateral issue, and was not sufficiently probative to warrant the potential confusion it could cause the jury, and additional time it would require. Specifically, Plaintiff sought to have this witness testify that DeShong had misrepresented how often he had testified before this case–he testified that he had only taken the stand twice before, and Plaintiff offered the witness to impeach this assertion by testifying that DeShong had testified more than twice in the past.

The value of this impeachment evidence being minimal, and the risk being great that the witness herself–as the ex-wife with a restraining order against Defendant DeShong–raising irrelevant and prejudicial issues during the course of her testimony, the Court exercised its discretion to exclude the witness. District courts have broad discretion in admitting evidence. *Ruvalcaba*, 64 F.3d at 1328.

Furthermore, in order for this ruling to warrant the grant of a new trial, it would have to have "substantially prejudiced a party" to the point of having "tainted the verdict." *99.66 Acres of Land*, 970 F.2d at 658; *Harper*, 533 F.3d at 1030; *see also Merrick*, 892 F.2d at

10

1 1439 (holding that the complaining party must establish with proof that the court's error more
2 probably than not tainted the jury's verdict). Assuming the witness's testimony served only
3 the purpose for which Plaintiff claimed to offer her, the jury was denied evidence that
4 DeShong had testified more than twice before. As DeShong's police work was known to the
5 jury, and the frequency with which police are called to testify is generally well-established
6 and well-known to the public, this information is of minimal import in the context of the case
7 as a whole. This falls far short of the required showing, which demands Plaintiff prove that
8 the Court's error actually resulted in prejudice, to the point of having tainted the jury. As
9 such, it is insufficient grounds for the grant of a new trial.

*4. Misrepresentations By Defendant DeShong*

Rule 60(b)(3) provides for relief from a judgment that is tainted by "fraud ... misrepresentation, or misconduct by an opposing party." Fed.R.Civ.P. 60(b)(3). "To prevail [under Rule 60(b)(3)], the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *Casey v. Albertson's Inc*., 362 F.3d 1254, 1260 (9th Cir. 2004) (quoting *De Saracho v. Custom Food Machinery, Inc*., 206 F.3d 874, 880 (9th Cir. 2000)).

Plaintiff argues that DeShong made misrepresentations about the number of times he testified previously, as well as about the condition of Plaintiff's porch, which he testified was wet. Plaintiff alleges that the falsity of the representation regarding prior testimony was known to both DeShong and his counsel, and that the falsity of the representations regarding the porch is demonstrated by a weather report from the date of the incident, which reveals that the week leading up to the incident had been free of rain.

With regard to the latter point, this evidence was not presented at trial, and it is difficult to believe that Plaintiff was truly unable to access the contemporaneous weather report during the years leading up to the trial of this case. Furthermore, lack of rain is not clearly probative of wetness on a deck–there are numerous other means by which a deck may

11

become wet, and therefore this evidence, though proper cross-examination material, is insufficient as the basis for a grant of a new trial under Rule 60(b). This is particularly true under the stringent standard applied to motions under Rule 60, which is provided only for extraordinary relief and may be invoked only upon a showing of exceptional circumstances. *Engleson*, 972 F.2d at 1044.

With regard to the former point, in order for the misrepresentation about prior testimony to rise to the level required for a Rule 60 grant of new trial, the jury verdict would have to have been based on the misrepresentation, and the number of times DeShong had testified would have to have sufficient significance to the jury's decision so as to impact the verdict. As discussed above, the likelihood of this is small, and Plaintiff has not proved the impact of this misrepresentation sufficiently to warrant the Court's granting his motion for a new trial on these grounds**.**

**CONCLUSION**

For the reasons discussed above, Plaintiff's motion for a new trial is DENIED.

**IT IS SO ORDERED.**

Dated: 4/18/12

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT