IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRENT BECKWAY,

                Plaintiff,

      v.

DEPUTY PAUL DESHONG, et al.,

                Defendants.

NO. C07-5072 TEH

ORDER ON MOTION TO DENY COSTS

This matter came before the Court on Plaintiff's motion to deny costs, filed April 2, 2012. For the reasons set forth below, Plaintiff's motion is GRANTED.

**BACKGROUND**

This lawsuit arose out of the October 27, 2006 arrest of Plaintiff Brent Beckway ("Beckway" or "Plaintiff") by Defendants Ward and DeShong, deputies with the Lake County Sheriff's Department. Defendants contacted Plaintiff at his home, where they went to investigate a report of an altercation between Plaintiff and Plaintiff's neighbor, Harold Keats ("Keats").

The parties disputed what occurred during the encounter between Plaintiff and the deputies. Plaintiff contended that, after a brief conversation, one of the deputies informed him he was going to be placed under arrest for hitting Keats, and Plaintiff responded, "Why is that?" At that point, Plaintiff said, he was thrown face-first onto the ground by one or both deputies, his arms pinned under his body. Plaintiff claimed that he never resisted the officers. He said he felt a heavy blow to the back of his left leg while he was on the ground, and it was later discovered that Plaintiff's left leg sustained an injury which necessitated surgery and the placement of steel screws into the leg.

Defendants responded that they did not use excessive force, did not cause Plaintiff's injuries, and arrived at his house having been told that he was a former golden gloves boxer who may be armed. They raised the theory that Plaintiff may have fallen in the course of pulling away from the Deputies, and further argued that his injuries were due to his own infirmity and subsequent medical errors, and not due to police use of force.

Plaintiff's claim was presented at a jury trial on January 18, 2012, and a verdict was returned for the Defendants on January 30, 2012. On February 15, one week following the issuance of judgment for the Defendants, Defendant Richard Ward filed his bill of costs with the Court, and Defendant Paul DeShong followed on February 16 with his own bill of costs. On March 14, 2012, costs were taxed against the Plaintiff in the amount of $3,650.70 for Defendant DeShong and in the amount of $11,427.10 for Defendant Ward, for a total of $15,077.80 taxation against Plaintiff Beckway.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Association of Mexican–American Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000).

The presumption is not rigid. *Fishgold v. Sullivan Drydock & Repair Corp.*, 328 U.S. 275, 284 (1946). In order to overcome the presumption, a losing party must show that to award costs to the prevailing party would be unjust. *Key v. Chrysler Motors Co.*, 128 N.M. 739, 741 (2000). Though broad, the Court's "discretion is not unlimited. A district court must specify reasons for its refusal to award costs." *Mexican-American Educators*, 231 F.3d at 591 (internal quotations omitted).

In the Ninth Circuit, there are several factors which may justify denial of costs: "(1) the losing party's limited financial resources; (2) misconduct on the part of the prevailing party; (3) the chilling effect of imposing such high costs on future civil rights litigants; (4)

2

1  whether the issues in the case were close and difficult; (5) whether the prevailing party's
2  recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7)
3  whether the case presented a landmark issue of national importance." *Van Horn v. Dhillon*,
4  2011 WL 66244 at *3 (E.D. Cal., 2011); *see also Quan v. Computer Sciences Corp.*, 623
5  F.3d 870, 888-89 (9th Cir. 2010) (citing *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*,
6  342 F.3d 1016, 1022 (9th Cir. 2003)); *Mexican-American Educators*, 231 F.3d at 592. A
7  finding of misconduct on the part of the prevailing party is not required to deny an award of
8  costs. *Mexican-American Educators*, 231 F.3d at 592.

9  These factors do not limit the reasons why a court may find justice requires denial of
10 costs–the Ninth Circuit, in listing these reasons for denial, did not intend the list to be
11 exhaustive. *Mexican-American Educators,* 231 F.3d at 593.

### DISCUSSION

14 Plaintiff has submitted a declaration to the Court, detailing his indigence and the
15 hardship that he would face if required to pay costs.[1] The Court finds Plaintiff's assertions
16 persuasive, noting that he has little income, he receives government aid, and is presently
17 facing debts both medical and foreclosure-related which he is unlikely to be able to pay. To
18 add over fifteen thousand dollars in costs to Plaintiff's present burden would be unjust, and
19 therefore the Court finds that the Plaintiff's indigence warrants denial of costs.

20 Furthermore, the issues in this case were close and complex. The suit was brought in
21 October of 2007, and over three years of discovery, negotiation, and motions ultimately
22 could not resolve the issues between the parties. The trial went on for seven days, and the
23 jury deliberation lasted well beyond the concluding day of trial. Every turn of this case has
24 been strenuously litigated, and the jury's verdict strenuously disputed in motions following
25 the close of trial. The closeness and complexity of the issues in this case weighs against
26 burdening Plaintiff with costs.

---

[1] Defendants objections to Plaintiff's declaration, to the extent they pertain to his statements regarding his personal financial circumstances, are overruled.

3

Finally, the Court notes that this was a civil rights action, involving the alleged excessive use of force by police officers against a citizen. To burden an indigent Plaintiff who brought suit over what he believed to be a violation of his rights under the United States Constitution would chill future civil rights litigation of this sort, and discourage future citizen litigants from bringing suit. This further weighs in favor of Plaintiff's motion to deny costs. *Stanley v. University of Southern California*, 178 F.3d 1069, 1079-1080 (9th Cir. 1999).

**CONCLUSION**

For the reasons discussed above, Plaintiff's motion to deny costs is GRANTED.

**IT IS SO ORDERED.**

Dated: 4/20/12

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT